[Civ. No. 25943.   Second Dist., Div. Three.   Nov. 22, 1961.]

EVAN D. OLIVER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; XENIA R. OLIVER, Real Party in Interest.

238

Evan D. Oliver, in pro. per., for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

FRAMPTON, J. pro tem.*—Petitioner seeks a review of the proceedings in the lower court and an annulment of the

*Assigned by Chairman of Judicial Council.

judgment holding him in contempt on four counts for his alleged wilful refusal to comply with an order of such court, made on May 3, 1961, in a divorce action filed by plaintiff-wife, wherein petitioner became obligated to pay the sum of $65 on the 10th day of each month commencing May 10, 1961, for the support of the minor child of the marriage, such payments to be made through the office of the court trustee.

The order to show cause *in re* contempt was issued September 11, 1961, at the instance of the court trustee and hearing thereon was set for October 27, 1961. The affidavit of the court trustee in support of the order showed that petitioner had failed to make any payments to and including August 10, 1961, and that petitioner was in arrears on August 31, 1961, in the sum of $260.

The record further shows that on July 15, 1961, the custody of the minor child was given to petitioner by his wife as the result of a mutual agreement between them and that petitioner assumed the obligation of support from that time. On August 9, 1961, petitioner filed an order to show cause *in re* modification of the order of custody made on May 3, 1961, and hearing thereon was had on August 22, 1961. As a result of this hearing the custody of the minor child was awarded to petitioner and the support payments were ordered terminated. The court, nevertheless, in the contempt proceeding, found petitioner had wilfully and knowingly disobeyed the order of May 3, 1961, for his failure to pay the child support due August 10, 1961.

Respondent contends that "The mere fact that a modification order was entered does not wipe out all arrearages in support payments. Modification as to alimony and support orders operates prospectively not retroactively. *Steele* v. *Steele*, 108 Cal.App.2d 595, 596 [239 P.2d 63]; *Moore* v. *Moore*, 133 Cal.App.2d 56, 62 [283 P.2d 338]." These cases simply reiterate the rule that the judgment for alimony is final and cannot be modified as to accrued installments. They relate exclusively to a civil judgment which may be entered for the amount shown to be due for the accrued and unpaid installments under an alimony judgment or order of the court. We are not dealing here with a civil judgment based upon a debt arising out of a judgment or order to pay support money.

A hearing on an order to show cause *in re* contempt is in its nature a criminal proceeding (*Uhler* v. *Superior Court*, 117 Cal.App.2d 147 [255 P.2d 29, 256 P.2d 90]; *Foust* v. *Foust*, 47 Cal.2d 121 [302 P.2d 11]), and intent to commit

the forbidden act is as essential to guilt as in the case of a criminal offense. There must be substantial evidence that the contemner wilfully and contemptuously refused to obey the order of the court. (*Uhler* v. *Superior Court, supra; City of Vernon* v. *Superior Court,* 38 Cal.2d 509 [241 P.2d 243].)

Where, as here, the custody of the minor child was with petitioner and he had been supporting such child in his home for a period of 26 days prior to the date upon which the next support payment became due, there is a lack of substantial evidence to sustain the court's finding that petitioner's failure to comply with the order of May 3, 1961, requiring him to pay the installment due August 10, 1961, was wilful and contemptuous.

The record shows that both the affidavit of the court trustee and the return by petitioner were received in evidence. The wife did not testify. ■ Petitioner was called to the witness stand by the deputy district attorney under the provisions of section 2055 of the Code of Civil Procedure and was subjected to cross-examination concerning his financial ability to comply with the order. This procedure was in error as the deputy district attorney had no right to call petitioner under the above section. This section applies to parties in a civil action and its provisions may not be invoked in favor of a person prosecuting a contempt proceeding as against the contemner. Contemner stands in a position similar to that of a defendant in a criminal action and he may not be compelled to give testimony against himself.

While the record discloses that the court advised petitioner of his constitutional right to refuse to testify, it concluded such advice with the following admonition : ''However, the law of California provides that when an order for child support is made and personally served upon you, as in this case, all that needs to be shown is your failure to make the payments, and that is sufficient evidence to find you guilty of contempt right now.

''Do you desire to testify, sir?

''The Defendant : Yes, I do.''

Assuming that section 2055 of the Code of Civil Procedure was applicable, it would follow that contemner had the right to fully present, in his own way, all relevant facts in his defense and should have been so advised. The foregoing record presents an atmosphere of coercion which should not be encouraged. ■ We are mindful of the rule that where one elects to represent himself, he does not become entitled to

proceed in a manner different from that permitted to attorneys (*People* v. *Chessman*, 38 Cal.2d 166 [238 P.2d 1001]), and he is not entitled to privilege and indulgence not accorded attorneys or to privilege and indulgence not accorded to defendants who are represented by counsel (*People* v. *Clark*, 122 Cal.App.2d 342 [265 P.2d 43]; *People* v. *Mattson*, 51 Cal. 2d 777, 794 [336 P.2d 937]). This rule, however, is not intended, nor may it be used as a shield where there has been a deviation from established procedure resulting in prejudice.

■ The sufficiency of the evidence here to sustain the judgment rests on the prima facie showing of contempt raised by section 1209.5 of the Code of Civil Procedure as against the testimony of petitioner. He testified that he was a mechanical engineer and while he did not have steady employment during the months of May, June, July and August, he did odd jobs for which he received approximately $500. During this time he was supporting his wife (second marriage) and two minor children and in addition was, during July and August, supporting Donald, the minor child of his marriage to plaintiff below; that he had to borrow about $300 from pawn shops during the period from April through July in order to buy food; that he was in default in the payments on the family home and he had hypothecated a typewriter, skill saw and an electric drill to secure the loans at the pawn shops; that he did not own an automobile and had not spent one dime about his household that had not been essential; that he was now working on a contingency for the State Board of Equalization that should enable him to get caught up about the first of the year. He named three lawsuits pending in which he thought he might recover substantial sums at some time in the future.

From the foregoing it appears that contemner had approximately $800 available during the four months in question with which to feed and clothe a family of five, pay utilities and medical bills and make payments on the family dwelling.

Section 1209.5, Code of Civil Procedure, reads as follows: "When a court of competent jurisdiction makes an order compelling a parent to furnish support or necessary food, clothing, shelter, medical attendance, or other remedial care for his child, proof that such order was made, filed, and served on the parent or proof that the parent was present in court at the time the order was pronounced and proof of noncompliance therewith shall be prima facie evidence of a contempt of court."

The effect of this section is to place the burden of going forward upon the contemner. It does not shift the burden of proof to him. The latter burden remains with the party prosecuting the order to show cause. Therefore, the evidence introduced as opposed to the prima facie showing of contempt must leave the record in such condition that there remains substantial evidence to sustain the judgment.

The record here falls far short of a showing by substantial evidence, after weighing the prima facie showing as against contemner's testimony, that his conduct constituted a wilful and contemptuous disobedience of the court's order.

The judgment of contempt as to each count is annulled.

Vallée, Acting P. J., and Ford, J., concurred.