[Civ. No. 14344. Fourth Dist., Div. One. June 28, 1976.]

FRANKLIN DELANO COTTON et al., Plaintiffs and Appellants, v. THE MUNICIPAL COURT FOR THE SAN DIEGO JUDICIAL DISTRICT OF SAN DIEGO COUNTY, Defendant and Respondent.

**COUNSEL**

Robert J. Nareau, under appointment by the Court of Appeal, for Plaintiffs and Appellants.

Edwin L. Miller, Jr., District Attorney, Terry J. Knoepp, Michael S. Carleton, Peter C. Lehman and Henry R. Mann, Deputy District Attorneys, and Duane E. Shinnick for Defendant and Respondent.

**OPINION**

**AULT, J.**—In early 1974, defendants Cotton, Zegler, Simmons and Brinker were separately charged in the Municipal Court of the San Diego Judicial District with violating Penal Code section 270 (willful

failure to provide for minor children), a misdemeanor. One attorney was appointed to represent all of them. After their challenges to the constitutionality of Penal Code section 270 were rejected by the municipal court, defendants petitioned the superior court for writs of prohibition, again claiming the statute was unconstitutional. The superior court denied the writs, and each defendant has appealed. The matters were apparently consolidated in the superior court, and we treat them as consolidated on appeal.

Defendants are all fathers of minor children. They contend on appeal, as they did in the courts below, that Penal Code section 270, as it read before it was amended in 1974, was unconstitutional on its face. They claim the statute violated the equal protection clauses of the state and federal Constitutions because it discriminated on the basis of sex by imposing criminal sanctions on a father who willfully failed to provide for a minor child while not imposing similar sanctions upon a mother unless the father of such child was dead or had failed for any other reason to provide such support.[1]

At the outset we note the Appellate Department of the Los Angeles Superior Court has previously upheld the constitutionality of Penal Code section 270 against the claim it violated the equal protection clause of the Fourteenth Amendment of the United States Constitution. The decision, *People* v. *Olague,* 31 Cal.App.3dSupp. 5 [106 Cal.Rptr. 612], construed the statute as it read when the defendants in this action were charged. The decision is not a controlling precedent for this court, however, and

---

[1]Before its amendment in 1974 (effective Jan. 1, 1975) Penal Code section 270 provided in pertinent part:

"A father of either a legitimate or illegitimate minor child who willfully omits without lawful excuse to furnish necessary clothing, food, shelter or medical attendance or other remedial care for his child is guilty of a misdemeanor and punishable by a fine not exceeding one thousand dollars ($1,000) or by imprisonment in a county jail not exceeding one year, or by both such fine and imprisonment. . . . This statute shall not be construed so as to relieve such father from the criminal liability defined herein for such omission merely because the mother of such child is legally entitled to the custody of such child nor because the mother of such child, or any other person, or organization, voluntarily or involuntarily furnishes such necessary food, clothing, shelter or medical attendance or other remedial care for such child, or undertakes to do so.

"  .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"In the event that the father of either a legitimate or illegitimate minor child is dead or for any other reason whatsoever fails to furnish the necessary food, clothing, shelter or medical attendance or other remedial care for his minor child, the mother of said child shall become subject to the provisions of this section and be criminally liable for the support of said minor child during the period of failure on the part of the father to the same extent and in the same manner as the father."

while we have considered its reasoning, we have determined to make our own evaluation of the issue raised.

■ The equal protection clause of the Fourteenth Amendment of the United States Constitution and its counterpart clause in the California Constitution (art. I, § 7(a)), prohibit state action which denies to any person the "equal protection of the law." Their purpose is to secure every person against intentional and arbitrary discrimination by state officials, whether brought about by the express terms of a statute or by its improper enforcement by duly constituted state agents (*Murguia* v. *Municipal Court,* 15 Cal.3d 286, 297 [124 Cal.Rptr. 204, 540 P.2d 44]). Laws, including penal statutes, which invidiously discriminate, or which create arbitrary classifications, violate the constitutional guarantees of equal protection, and a defendant may raise the claim of discrimination as a ground for dismissal of a criminal action. (*Ibid.,* p. 293.)

In determining whether statutory classifications violate the equal protection clause of the state and federal Constitutions, California courts have adopted the two-level test employed by the United States Supreme Court (*Sail'er Inn, Inc.* v. *Kirby,* 5 Cal.3d 1, 16 [95 Cal.Rptr. 329, 485 P.2d 529]; *Westbrook* v. *Mihaly,* 2 Cal.3d 765, 784 [87 Cal.Rptr. 839, 471 P.2d 487]). ■ Under that standard, legislative classifications which fall in the area of economic regulation are clothed with a presumption of constitutionality and do not violate equal protection requirements if they bear some rational relationship to a conceivable legitimate state purpose. When, however, a statute draws distinctions in areas of "suspect classifications" or touches upon "fundamental interests," the law is subjected to strict scrutiny in which " . . . , the state bears the burden of establishing not only that it has a *compelling* interest which justifies the law but that the distinctions drawn by the law are *necessary* to further its purpose." (*Westbrook* v. *Mihaly,* 2 Cal.3d 765, 785.) (See also *Sail'er Inn, Inc.* v. *Kirby, supra,* 5 Cal.3d 1, 16-17.)

■ We conclude that Penal Code section 270, when challenged as a denial of equal protection, must be tested by the strict scrutiny standard of review: first, because the statute touches upon a fundamental interest; and, second, because the statute as it read before the 1974 amendment, discriminated upon the basis of sex, a suspect classification.

■ Legislation touches upon a fundamental interest, as that term is used in equal protection cases, when it affects rights "explicitly or implicitly" guaranteed by the Constitution, or deprives, infringes or

interferes with some fundamental personal right or liberty (*San Antonio School District* v. *Rodriguez,* 411 U.S. 1, 33, 37-38 [36 L.Ed.2d 16, 45-46, 93 S.Ct. 1278, 1297, 1299]). The equal protection clause fully applies to all penal statutes (*Murguia* v. *Municipal Court, supra,* 15 Cal.3d 286, 296), and manifestly a penal statute which prescribes a substantial penalty touches a constitutionally protected right—the personal liberty of one convicted of violating it (*People* v. *Olivas,* 17 Cal.3d 236, 251 [131 Cal.Rptr. 55, 551 P.2d 375]).[2] Classifications within such a statute must be subjected to critical scrutiny, and the law itself can withstand constitutional challenge only if the state establishes " . . . that it has a *compelling* interest which justifies the law and then demonstrate[s] that the distinctions drawn by the law are *necessary* to further that purpose." (*Ibid.* p. 251.)

It is also apparent that Penal Code section 270, as it read before the 1974 amendment, discriminated upon the basis of sex. In the area of criminal prosecution, it distinguished between fathers and mothers of minor children and, in effect, made fathers primarily responsible for supporting them. It applied criminal sanctions to fathers who willfully failed to support minor children even if the mother of such children was voluntarily providing for their support. Conversely, the statute authorized prosecution of a mother who willfully failed to support minor children only if the father of the children was dead or otherwise failed to provide such support (see fn. 2). The legislation on its face invidiously discriminated between parents of minor children and against fathers as a class. The statute discriminated on the basis of sex and involved a suspect classification.

These conclusions lead to the final question of whether the challenged statute can withstand review under strict scrutiny standards. Undoubtedly the state has a compelling interest in securing the support of minor children and in protecting the public from the burden of supporting children who have parents able to provide for them (see *People* v. *Sorensen,* 68 Cal.2d 280, 287 [66 Cal.Rptr. 7, 437 P.2d 495, 25 A.L.R.3d 1093]). While that compelling interest fully justifies the imposition of criminal penalties upon parents who willfully fail to support minor children, the People have not demonstrated in these proceedings, or even argued, that the discriminatory features of the statute differentiating

---

[2]A violation of Penal Code section 270 was then punishable by a fine not exceeding $1,000 or by imprisonment in a county jail not exceeding one year, or by both such fine and imprisonment.

between fathers and mothers of minor children were necessary to further that statutory purpose. Rather it appears the opposite is true. The statutory objective of securing the support of minor children would be better served by a law which does not distinguish between parents and which makes each parent *equally* responsible for a willful failure to provide that support.

It is not without significance that Penal Code section 270, from the time of its enactment in 1872 until it was amended in 1923, made no such distinctions and treated parents of minor children equally. It is likewise significant that the 1974 amendment to the section again made its provisions declaring it unlawful to willfully fail to support a minor child equally applicable to both parents. (Deering's Pen. Code Ann., § 270, Legislative History; Stats. 1974, ch. 893, § 1.)

■ Penal Code section 270, before its amendment in 1974, unconstitutionally discriminated on its face against fathers of minor children as a class. Defendants, as members of the class discriminated against, are entitled to dismissal of the criminal charges. *People* v. *Olague, supra,* 31 Cal.App.3d Supp. 5, which reached a contrary conclusion, is disapproved.

The orders appealed from are reversed and the superior court is directed to issue the writs as prayed for.

Brown (Gerald), P. J., and Whelan, J.,* concurred.

A petition for a rehearing was denied July 12, 1976, and respondent's petition for a hearing by the Supreme Court was denied August 26, 1976.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.