[Civ. No. 17629. Fourth Dist., Div. Two. Dec. 7, 1977.]

ARTHUR MICHAEL LYONS, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE CENTRAL JUDICIAL
DISTRICT OF ORANGE COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Paul M. Bell, Joseph G. Hall and Norma M. Scott for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, Oretta D. Sears and Thomas H. Wolfsen, Deputy District Attorneys, for Real Party in Interest and Respondent.

**OPINION**

**MORRIS, J.**—This appeal is from the denial by the superior court of appellant's petition for writ of prohibition/mandate challenging the jurisdiction of the municipal court in a prosecution of the appellant for violation of Penal Code section 270 (failure to provide for minor children).

On February 24, 1975, a criminal complaint was filed in the municipal court against appellant Arthur Michael Lyons charging him with a violation of Penal Code section 270 (failure to provide), a misdemeanor.

On October 1, 1975, appellant entered a plea of guilty and was placed on probation for three years on the condition that he violate no law and pay child support as ordered.

On August 20, 1976, appellant was found to be in violation of probation and was ordered to serve 90 days in jail. Execution was stayed until October 21, 1976.

Appellant is a party to a dissolution proceeding in the superior court and has existing orders in that court for the support of his minor children.

On October 20, 1976, appellant filed the petition for a writ of prohibition/mandate that is the subject of this appeal.

The appellant makes the following contentions, which will be considered seriatim:

1. Superior court jurisdiction of matters dealing with child support precludes municipal court jurisdiction over such matters.

2. Prosecution of appellant under Penal Code section 270 denies him equal protection of the law in violation of the federal and state Constitutions.

3. Imprisonment for violation of section 270 constitutes imprisonment for a debt in violation of California Constitution, article I, section 10.

4. The title of Penal Code section 270 is so vague and uncertain that it violates California Constitution, article IV, section 9.

5. The failure to charge the mother (the custodial parent) at the same time as the father (the noncustodial parent), appellant herein, subjects appellant to invidious discrimination in violation of the Fourteenth Amendment to the United States Constitution and of article I, sections 11 and 21 of the California Constitution. (Now art. IV, § 16, subd. (a) and art. I, § 7, subd. (b) of the Cal. Const.)

6. The language of the complaint renders the prosecution of appellant unconstitutional.

*Jurisdiction*

Article VI, section 10, of the California Constitution prescribes the original jurisdiction of superior courts. After providing for original jurisdiction for extraordinary writs, the section provides as follows: "Superior courts have original jurisdiction in all causes except those given by statute to other trial courts."

Article VI, section 5, of the state Constitution provides in part: "The Legislature shall provide for the organization and prescribe the jurisdiction of municipal and justice courts."

█ Appellant concedes that the effect of these constitutional provisions is to grant to the Legislature the authority to determine generally the jurisdiction of the trial courts within the state.

The Legislature has provided, in Penal Code section 1462, as follows: "Each municipal and justice court shall have jurisdiction in *all criminal cases amounting to a misdemeanor,* where the offense charged was committed within the county in which such municipal or justice court is established except those of which the juvenile court is given jurisdiction and those of which other courts are given exclusive jurisdiction. . . ." (Pen. Code, § 1462, italics added.)

Appellant is charged with a misdemeanor, and the case would therefore presumably fall within the purview of the municipal court. Nevertheless appellant contends that by virtue of various statutes and rules (particularly Civ. Code, §§ 245, 247, 4351, 4700, 4702, 4703; Cal. Rules of Court, rule 1217) the Legislature has conferred exclusive jurisdiction over matters of dissolution, child custody, child support, guardianship and juvenile matters on the superior court and did not intend the municipal court to exercise subject matter jurisdiction over misdemeanor failure to provide cases under Penal Code section 270. In support of this contention appellant refers us to the exception provided in Penal Code section 1462 where jurisdiction is given to other courts.

Appellant misreads section 1462. Clearly the exception refers to "criminal cases amounting to a misdemeanor" of which the juvenile

court is given jurisdiction and "criminal cases amounting to a misdemeanor" of which other courts are given exclusive jurisdiction.

While it is true that the Legislature has confirmed jurisdiction in the superior court over various civil cases concerning the status of marriage, child custody, and child support, and that such civil cases may involve some factual matters similar to those involved in a failure to provide prosecution, the Legislature has not invested the superior court with jurisdiction over *misdemeanor criminal cases* involving such matters and thus there is no occasion to invoke the Penal Code section 1462 exception. Moreover, there is nothing in the statutes relied on by appellant that is inconsistent with the Legislature's action in prescribing penal sanctions for wilful violation of a parent's duty to support minor children. The People of the State of California have a legitimate interest in enforcing this duty apart from any interest they have in providing civil remedies for the protection of rights deriving from the relationship of parent and child.

In support of his contention that the jurisdiction of the superior court over the above-mentioned matters precludes the municipal court from exercising jurisdiction over a misdemeanor failure to provide prosecution, appellant relies on *Kresteller* v. *Superior Court* (1967) 248 Cal.App.2d 545 [56 Cal.Rptr. 771]. In that case a superior court had granted a divorce and awarded custody of a minor child to the mother. The mother then commenced an action for child support in a superior court of a different county. The Court of Appeal issued a writ of prohibition restraining the second court from hearing the action. The *Kresteller* decision is inapposite; it dealt with the priority of jurisdiction between two courts, each of which had concurrent jurisdiction over the subject matter. In the instant case there is no concurrent jurisdiction; the question is which court has jurisdiction. (See 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, §§ 304-307, pp. 846-851.)

The Legislature has quite clearly conferred upon the municipal court jurisdiction over "criminal cases amounting to a misdemeanor" within the ambit of Penal Code section 270.

■ Finally, appellant contends that the *Swann-Gilbert* doctrine (*People* v. *Swann* (1963) 213 Cal.App.2d 447 [28 Cal.Rptr. 830]; *People* v. *Gilbert* (1969) 1 Cal.3d 475 [82 Cal.Rptr. 724, 462 P.2d 580]) precludes municipal court prosecution, in that California Code of Civil Procedure

section 1209.5 is a special statute that precludes conviction under Penal Code section 270.[1]

 The *Swann-Gilbert* rule is well articulated in *People* v. *Ruster* (1976) 16 Cal.3d 690 at page 694 [129 Cal.Rptr. 153, 548 P.2d 353] where the court stated, "Prosecution under a general statute is precluded by a special statute when the general statute covers the same matter as, and thus conflicts with, the special statute. [Citations.] However, a special statute does not supplant a general statute unless *all* of the elements of the general statute are included in the special statute. [Citations.]"

Appellant would have us compare apples and oranges.

Here, the general statute does not even cover the same matter as, and does not conflict with, the special statute, so there is no occasion to analyze the coincidence of the elements of the two statutes. (It is apparent, however, that the elements are dissimilar. For a description of the elements of Penal Code section 270, see CALJIC (1st ed. 1971) No. 16.150 (Misdemeanor) page 46, and for Code of Civil Procedure section 1209.5, see 5 Witkin, California Procedure (2d ed. 1971) Enforcement of Judgment, section 160, page 3522.) Section 270 of the Penal Code defines a crime, i.e., wilful failure of a parent to provide for his minor children. Section 1209.5 of the Code of Civil Procedure, on the other hand, defines no crime at all. The section merely specifies the facts that, if proven, shall constitute prima facie evidence of contempt of a child support order, thus shifting the burden of producing evidence upon the contemnor. (See *Oliver* v. *Superior Court* (1961) 197 Cal.App.2d 237, 241-242 [17 Cal.Rptr. 474]; see generally, *Martin* v. *Superior Court* (1971) 17 Cal.App.3d 412 [95 Cal.Rptr. 110]; 5 Witkin, Cal. Procedure (2d ed. 1971) Enforcement of Judgment §§ 157-165, pp. 3519-3527.)

Furthermore, an examination of the statutes reveals that the Legislature intended that there be no exception to Penal Code section 270 such as that suggested by appellant. Whether a special statute supplants a general statute is primarily a question of legislative intent. (*People* v. *Ruster, supra,* 16 Cal.3d 690, 694-696; *People* v. *Gilbert, supra,* 1 Cal.3d 475, 479-480; *Warne* v. *Harkness* (1963) 60 Cal.2d 579, 588 [35 Cal.Rptr.

---

[1]Code of Civil Procedure section 1209.5 reads as follows: "When a court of competent jurisdiction makes an order compelling a parent to furnish support or necessary food, clothing, shelter, medical attendance, or other remedial care for his child, proof that such order was made, filed, and served on the parent or proof that the parent was present in court at the time the order was pronounced and proof of noncompliance therewith shall be prima facie evidence of a contempt of court."

601, 387 P.2d 377].) (■ The controlling principles are set forth in *In re Williamson* (1954) 43 Cal.2d 651, at page 654 [276 P.2d 593] as follows: " 'It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. Where the special statute is later it will be regarded as an exception to or qualification of the prior general one; and where the general act is later the special statute will be considered as remaining an exception to its terms unless it is repealed in general words or by necessary implication.' "

(■ Section 270 of the Penal Code clearly expresses the legislative intent that special statutes dealing with child support in dissolution proceedings are not excepted from its application. The fourth paragraph of section 270 provides as follows: "The provisions of this section are applicable whether the parents of such child are or were ever married or divorced, and regardless of any decree made in any divorce action relative to alimony or to the support of the child. . . ." This express legislative intent must prevail in the absence of some constitutional inhibition.

### Equal Protection

(■ Appellant contends that a parent prosecuted for contempt under Code of Civil Procedure section 1209.5 would have defenses available to him that would not be open to a parent prosecuted under Penal Code section 270, resulting in a denial of equal protection of the law in violation of the federal and state Constitutions. (U.S. Const., 14th Amend.; Cal. Const., art. I, §§ 11, 21.) As previously mentioned, the statutes do not cover the same matters; one defines a crime, focusing on the failure of a parent to provide a minor child with necessaries, and the other specifies the showing of fact that constitutes prima facie evidence of contempt of court, focusing on the noncompliance with a child support order. That the issues, including the defenses, may differ in proceedings under the two sections is not, without more, sufficient to show a denial of equal protection.

### Imprisonment for Debt

■ Appellant next attempts to invoke article I, section 10 of the California Constitution, which provides in pertinent part that, "A person may not be imprisoned in a civil action for debt . . . ."

The constitutional inhibition is inapplicable for two reasons. The statutory obligation of a parent to support his or her minor child is not a debt, and a prosecution under Penal Code section 270 is not a civil action for debt.

■■ The law is well settled that orders for spousal support and child support may be enforced by contempt proceedings, and that a jail sentence imposed pursuant to such proceedings does not constitute imprisonment for debt. (*Bradley* v. *Superior Court* (1957) 48 Cal.2d 509, 519 [310 P.2d 634]; *Miller* v. *Superior Court* (1937) 9 Cal.2d 733, 736 [72 P.2d 868]; *In re Hendricks* (1970) 5 Cal.App.3d 793, 796 [85 Cal.Rptr. 220].)

Although a court order for payments to a spouse based upon an agreement between the parties settling their property rights cannot be enforced by contempt proceedings (see *Bradley* v. *Superior Court, supra,* 48 Cal.2d at p. 519), an agreement between parents as to child support would not convert the obligation for child support into a debt since the parties may not contract away the child's statutory right to support. (*Nicholas* v. *Nicholas* (1952) 110 Cal.App.2d 349, 353 [242 P.2d 679]; *Fernandez* v. *Aburrea* (1919) 42 Cal.App. 131, 132 [183 P. 366].)

■■ The obligation of parents for the support and education of their children is imposed by statute (Civ. Code, §§ 196, 196a, 4703), and such liability under statute is not a "debt" within the constitutional guarantee against imprisonment for debt. (*In re Hendricks, supra,* 5 Cal.App.3d at p. 796.)

It is the wilful failure of a parent to meet the statutory obligation to support that forms the underlying basis for Penal Code section 270. Consequently, a jail sentence imposed for a violation of Penal Code section 270 does not constitute imprisonment for debt.

Appellant appears to recognize the authority of the above cases to the effect that penal sanctions, including imprisonment, may be imposed for the wilful failure of a parent to perform the statutory duty to support. However, appellant seems to argue that such penal sanctions may be constitutionally applied only to the custodial parent. Citing Civil Code section 196,[2] appellant contends that it is only the custodial parent who is

---

[2]Civil Code section 196 provides: "The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a child is able to give are inadequate, the mother must assist him to the extent of her ability."

obligated to support the child, and that needed assistance from the noncustodial parent is a debt to the custodial parent, and hence unenforceable by imprisonment.

While the language of Civil Code section 196 standing alone may seem ambiguous, such ambiguity has been resolved by the numerous cases construing the legislative intent. (See *Nunes* v. *Nunes* (1964) 62 Cal.2d 33, 39 [41 Cal.Rptr. 5, 396 P.2d 37]; *Kresteller* v. *Superior Court, supra,* 248 Cal.App.2d 545; *Levy* v. *Levy* (1966) 245 Cal.App.2d 341, 358-359 [53 Cal.Rptr. 790].)

If any doubt remained concerning the legislative intent to impose upon both parents the obligation of child support, that doubt was removed with the enactment of the Family Law Act. (Stats. 1969, ch. 1608, § 8, p. 3314, operative Jan. 1, 1970.) Civil Code section 4700 expressly provides that the court may order "either or both parents to pay any amount necessary for support, maintenance, and education of the child." Clearly the child support obligation imposed by law upon each of the parents continues notwithstanding the parent's lack of custody. (*In re Marriage of Muldrow* (1976) 61 Cal.App.3d 327, 331-332 [132 Cal.Rptr. 48].)

### *Title of Statute*

Appellant next contends that the title of Penal Code section 270 fails to satisfy the requirements of California Constitution, article IV, section 9, which provides in pertinent part as follows: "A statute shall embrace but one subject, which shall be expressed in its title. If a statute embraces a subject not expressed in its title, only the part not expressed is void. . . ."

"It is well established that the purpose of this constitutional provision is not to destroy legislation germane to the general object declared in the title but to protect against the passage of provisions foreign to the title, subject and purposes of an act; that this provision must be liberally construed to uphold legislation whose parts are reasonably germane; that the title is sufficient if the provisions of the act are germane to the subject matter expressed in the title and if the title naturally suggests to the mind the field of legislation which is included in the text of the act; and that it was never intended that the title of an act should be an index to all of its provisions." (*Orange County Water Dist.* v. *Farnsworth* (1956) 138 Cal.App.2d 518, 526 [292 P.2d 927], interpreting

former art. IV, § 24 of the Cal. Const.; see also *Spencer* v. *G. A. MacDonald Constr. Co.* (1976) 63 Cal.App.3d 836, 846 [134 Cal.Rptr. 78].)

■■■ Since appellant has not designated by statutory citation the particular enactment that he contends is inadequately labeled, we will consider the last amendment affecting provisions under which appellant is being prosecuted, to wit, Statutes 1974, chapter 893, section 1, page 1892, entitled "An act to amend Sections 270, 270d, 270f, and 270g of the Penal Code, relating to support of minor children."[3]

Appellant was charged under that portion of the statute that punishes a parent who "willfully omits, without lawful excuse, to furnish necessary clothing, food, shelter or medical attendance, or other remedial care for his or her child . . . ." Clearly this charge is not foreign to the title and the title does give reasonable notice of the matters under legislative consideration. (See *Metropolitan Water Dist.* v. *Marquardt* (1963) 59 Cal.2d 159, 174 [28 Cal.Rptr. 724, 379 P.2d 28].)

■■■ If appellant intends to attack the act itself on grounds of uncertainty, that argument too must be rejected. In *People* v. *Yates* (1931) 114 Cal.App. Supp. 782, 789 [298 P. 961], the court answered a challenge for uncertainty as follows: "The language requiring the furnishing of 'necessary food, clothing, shelter or medical attendance' has been in this section since it was first enacted in 1872, and it seems never to have been attacked for uncertainty, nor do we find any fatal uncertainty in it. . . . The statute points out certain kinds of care and requires the father to furnish them as necessary. The necessity is capable of ascertainment by proof to be submitted to the jury."

In *Yates* the defendant had apparently contended that the term "necessary" rendered the statute uncertain. Appellant's argument seems to be that the statute becomes uncertain as applied to a noncustodial parent because of that parent's inability to provide the necessaries "in kind."

There is no uncertainty. Clearly the statute does not require that the necessaries be furnished "in kind." Nor is it necessary for the statute to

---

[3] Subsequent amendments to Penal Code section 270 (see Stats. 1976, ch. 673, § 1, p. 1661) occurred after appellant's prosecution.

specify the means whereby the parent shall provide for necessaries for the child. The parent may adopt any appropriate method to accomplish the objective of the statute, including financial assistance to the person having physical custody of the child. (See *In re Clarke* (1957) 149 Cal.App.2d 802, 806 [309 P.2d 142], wherein the court upheld the constitutionality of § 270 against a challenge by the father of an unborn child.) Furthermore, Penal Code section 270b, permitting the suspension of proceedings upon the filing of an undertaking conditioned upon defendant's paying to the child's custodian a sum fixed by the court, removes any uncertainty that might otherwise exist in this regard. (See *In re Clarke, supra,* 149 Cal.App.2d at p. 806.)

### Discriminatory Enforcement

 Appellant next contends that the failure to charge the custodial parent at the same time as the noncustodial parent (appellant herein) constitutes an invidious discrimination based on an arbitrary classification in violation of the federal and state Constitutions. (U. S. Const., Amend. XIV; Cal. Const., art. I, § 7, subd. (b).)

In support of this argument appellant relies on *Cotton* v. *Municipal Court* (1976) 59 Cal.App.3d 601 [130 Cal.Rptr. 876], wherein the court held that Penal Code section 270, before its amendment in 1974, was unconstitutional on its face because it discriminated against fathers of minor children as a class. The 1974 amendment removed this discriminatory classification and now, generally, both parents are equally responsible for child support. Appellant suggests that, since the amendment and the *Cotton* decision, both parents must be charged at the same time without distinguishing between either parent for a wilful failure to provide. He also argues that noncustodial parents of minor children are a suspect class, and thus the prosecutor's action should be subjected to strict scrutiny.

*Cotton* involved an attack on Penal Code section 270 on its face, not as applied, and central to the court's holding that the section was unconstitutional was its determination that the section "discriminated upon the basis of sex, a suspect classification." (*Cotton* v. *Municipal Court, supra,* 59 Cal.App.3d at p. 605.) The instant case is very different; there is no challenge to the section as written, and the suspect classification of sex is not involved. The issue here is whether appellant has demonstrated any pattern of discriminatory enforcement of the statute.

Initially, we note that while both parents are equally responsible for child support, it is certainly reasonable, and no violation of equal protection, to punish, as Penal Code section 270 does, only the individual parent who wilfully fails to provide for his minor children. Equal protection does not require that both parents be charged for the acts or omissions of only one parent.

We need not reach the question whether noncustodial parents of minor children constitute a suspect class, because, in any event, appellant has failed to make any showing of discriminatory or arbitrary enforcement. The California Supreme Court in *Murgia* v. *Municipal Court* (1975) 15 Cal.3d 286 [124 Cal.Rptr. 204, 540 P.2d 44], discussed at length the constitutional standard relating to discriminatory enforcement of the law, and restated the requirement that "in order to establish a claim of discriminatory enforcement a defendant must demonstrate that he has been deliberately singled out for prosecution on the basis of some invidious criterion." (*Id.,* at p. 298.)

It is clear from an examination of the cases relating to discriminatory enforcement that the mere claim of such practice does not shift the burden to the enforcement authority to prove nondiscriminatory enforcement. On the contrary, it is defendant who must produce evidence that he has been the subject of such discrimination. (See *Murgia* v. *Municipal Court, supra,* 15 Cal.3d at p. 305; *People* v. *Gray* (1967) 254 Cal.App.2d 256, 265 [63 Cal.Rptr. 211].)

Appellant has produced no evidence in support of his claim. The sole basis for the claim appears to be the fact that in this case the appellant happens to be a noncustodial parent, but appellant has alleged no facts to demonstrate a deliberate pattern of discriminatory enforcement.

Appellant also claims discriminatory enforcement in violation of the principles of the *Cotton* decision, based on the fact that, in filing the complaint against appellant in the municipal court, the district attorney used a printed form showing the mother to be the complaining witness.[4] Appellant argues that the use of the printed form shows on its face that,

---

[4]The complaint, filed on February 24, 1975, charged appellant with the wilful failure to provide for his minor children, in violation of Penal Code section 270, and then, in a printed statement, alleged that "the said defendant was then and there, and still is, the parent of said children, and the complainant is the mother, and present and legal custodian of said children."

while Penal Code section 270 was amended effective January 1, 1975, to correct the constitutional defect, the district attorney's discriminatory practice of prosecuting fathers and not mothers had not changed.

Again, appellant has failed to meet the evidentiary burden. The use of a printed form in a single particular case correctly describing the mother as the complainant is insufficient to support a claim of invidious discrimination. Moreover, appellant has alleged no facts to show a deliberate pattern of discriminatory enforcement.

Judgment affirmed.

Gardner, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied December 27, 1977, and appellant's petition for a hearing by the Supreme Court was denied February 1, 1978.