STATE of South Dakota, Plaintiff
and Appellee,

v.

Anthony ROME, Sr., Defendant
and Appellant.

No. 15924.

Supreme Court of South Dakota.

Considered on Briefs May 23, 1988.

Decided July 27, 1988.

R. Shawn Tornow, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Steve Miller, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

Defendant and appellant, Anthony Rome, Sr. (Anthony), appeals from his trial court conviction of felony nonsupport of a minor child. We reverse and remand.

On October 19, 1986, Anthony exercised visitation rights with his minor son, Anthony Rome, Jr. (Son), as authorized by court order pursuant to a prior divorce proceeding. Anthony did not return Son to the home of his mother, who had legal custody and care. Instead, Anthony left the State of South Dakota with Son. Anthony was apprehended in or near Cleveland, Ohio, in mid-January, 1987, was returned to South Dakota and convicted of felony child-napping. *See* companion case, *State v. Rome*, 426 N.W.2d 19 (S.D.1988). During the time the minor child was with Anthony, Anthony did not make court-ordered child support payments.

At trial of the matter herein, Anthony admitted that he had not made the ordered child support payments while Son was in his custody and care and stipulated that he was absent from South Dakota during the thirty days prior to and including December 23, 1986. However, Anthony testified that while the child was in his care and custody he provided food, clothes, school

tuition, day care, etc. Anthony further testified that when he brought the child back he came with two suitcases full of clothing. This testimony was undisputed.

At the outset, there is a dispute as to the definition of the proper issue in this case. Anthony frames the issue as:

Does the evidence support this conviction, as to the element of "necessary" support of the child, when the evidence shows conclusively that the child was completely and exclusively supported by [Anthony] during the period alleged in the information?

Or, stated another way, that State failed to meet its burden of proof as to all essential elements of the crime. State, on the other hand, frames the issue:

Whether child kidnapping is a defense to felony nonsupport of a child?

Or, stated another way, public policy should not permit Anthony to avoid payment of required support by taking the extrajudicial method of child-napping. From our reading of the statutes involved, we are of the opinion that State is in error in its application of the pertinent statutes to the facts of this case.

The resolution as to the proper issue in this case lies in the interpretation of SDCL 25–7–16 and SDCL 25–7–19.

SDCL 25–7–16 provides, in pertinent part:

A parent of a minor child who intentionally omits without lawful excuse to furnish necessary food, clothing, shelter, medical attendance or other remedial care or other means of support for his child is guilty of a Class 1 misdemeanor. If a parent, during a violation, leaves the state and is absent for more than thirty days, he is guilty of a Class 6 felony....

By the plain reading of the statute, the elements of the offense of felony nonsupport of a child are:

(1) a parent who intentionally omits,

(2) without lawful excuse,

(3) to furnish *necessary* food, clothing, shelter, medical attendance or other remedial care, or

(4) other means of support, and

(5) is absent from the state for more than thirty days.

SDCL 25–7–19 provides, in pertinent, part:

The provisions of §§ 25–7–16 to 25–7–20, inclusive, are applicable whether the parents of such child are married or divorced, and regardless of any decree made in any divorce action relative to alimony or to the support of the child....

State, in its brief, concedes that SDCL 25–7–19 was drafted with the intent of benefiting the State, and argues further, that State may prosecute an individual if he/she is providing the required child support payments, but those payments prove, in fact, to be insufficient to support the minor child. With the first statement we are in agreement and we need not reach the second assertion in this case, but we mention it only to emphasize that, indeed, there appears to be no direct relationship between the payment of child support under a decree emanating from the civil side of the courts and the provision of necessary support as mandated by the statute.

A general overview of SDCL ch. 25 reveals that the purpose of the chapter dealing with support obligations was not for the purpose of punishment of neglectful parents, but rather, to secure support of the child and to protect the public from the burden of supporting a child who has a parent able to support him. For instance, SDCL 25–7–14 provides for reimbursement to the county from a deceased parent's estate, when the county has provided for the child. Also, SDCL 25–7–20.1 provides that State may pursue a responsible party when State has provided support or aid to any person. A careful reading of this chapter will reveal that the purpose of the provisions is not to aid a destitute person, or even to spread the burden among parties, but rather to make sure that State is not going to be saddled with the final burden in every instance.

Although a case may arise where failure to pay court-ordered child support may rise to the level of a crime, SDCL 25–7–16 indicates that guilt or innocence centers around whether or not the child is without

the necessities of life. This reasoning goes directly to Anthony's argument that State failed to prove all the elements of the crime and failed to prove that Anthony omitted to provide the child with the necessities of life.

State would infer that the court-ordered payments emanating from the divorce decree were the *only* method of supporting the child. This inference is not supported by a plain reading of the statutes involved, by the statutory scheme, nor is it consistent with State's previous assertion that a parent can be prosecuted under SDCL 25-7-16 even if he/she is making the required payments under a divorce court edict. In our opinion, if a parent has met a child's necessities by any method, delineated by the provision, he cannot be subjected to liability under SDCL 25-7-16. With that conclusion, it necessarily follows that an essential element of the crime, then, is an omission to provide the necessities of life.

In *Lyons v. Municipal Court,* 75 Cal. App.3d 829, 142 Cal.Rptr. 449 (1978), Defendant was charged under the portion of a statute which punishes a parent who "willfully omits, without lawful excuse, to furnish necessary clothing, food, shelter or medical attendance, or other remedial care for his or her child." The court found the language not to be fatally uncertain. The court there said:

> Clearly the statute does not require that the necessaries be furnished 'in kind.' Nor is it necessary for the statute to specify the means whereby the parent shall provide for necessaries for the child. The parent may adopt any appropriate method to accomplish the objective of the statute, including financial assistance to the person having physical custody of the child.

75 Cal.App.3d at 842-43, 142 Cal.Rptr. at 455.* Based on this interpretation of the statute, State must prove that Anthony failed to provide for necessaries for the child.

In response to State's argument that the commission of one crime cannot be used as a defense to the commission of another, that does not appear to be the case here. The providing of the necessaries of life is not an element of the offense of child kidnapping under SDCL 22-19-9 and 22-19-10. Furthermore, to follow State's argument that public policy prohibits the utilization of the commission of a crime as a defense to the commission of another crime in this case, is to reach a conclusion that State need not prove each and every element of the offense beyond a reasonable doubt.

In this instance, State was only able to show, in fact Anthony admitted, that he had not made court-ordered child support payments during the period of time in question. However, State was not able to prove, nor did it even contend, that the minor child was without the necessities of life.

Therefore, since State has failed to prove this element of the offense, the judgment of conviction is reversed and the case is remanded to the trial court.

All the Justices concur.

---

* We note that SDCL 25-7-16, as enacted in 1963, and the 1968 California Penal Code § 270 are virtually identical. Both acts have undergone changes since 1970, but these alterations seem to be in the nature of constitutional improvements. The California Supreme Court has held that the criminalization of the nonsupport of a minor child was not for the purpose of punishment of neglectful parents, but rather, "the principal statutory objectives are to secure support of the child and to protect the public from the burden of supporting a child who has a parent able to support him." *People v. Sorensen,* 68 Cal.2d 280, 66 Cal.Rptr. 7, 12, 437 P.2d 495, 500 (1968).