Opinion
ROBERSON, P. J.
The People appeal from an order in each of several cases which we consolidated on appeal dismissing a criminal complaint on the ground of forum non conveniens.[1] Appellant contends the trial court *Supp. 10 abused its discretion in applying the doctrine of forum non conveniens to charges of criminal contempt. We hold the municipal court has exclusive jurisdiction over the offenses charged and that the doctrine of forum non conveniens does not apply.
I
In either April or May 1991 each respondent allegedly violated an order issued by a family law judge of the Southeast District of the Superior Court of Los Angeles County. The People and respondents concede the superior court issued the orders. As a result of these violations, in mid-June the People criminally charged each respondent in the Municipal Court of Los Angeles County with willfully disobeying either a “divorce order” or a restraining order issued by “a court.” (§ 166, subd. 4.)[2]
When the actions were called for arraignment, the municipal court announced it intended to dismiss the cases pursuant to the doctrine of forum non conveniens. The court stated that each order which was allegedly violated was issued by the superior court after a hearing in a domestic relations matter. It further stated the superior court had all of the records and history of each case. Over the People’s objection, the court dismissed the complaints.
The People filed a timely notice of appeal.
II
California Constitution article VI, section 10 provides in pertinent part: “Superior courts have original jurisdiction in all causes except those given by statute to other trial courts.” Section 5 of the same article provides in pertinent part: “The Legislature shall provide for the organization and prescribe the jurisdiction of municipal and justice courts.”
The Legislature has provided municipal courts with jurisdictional power in section 1462: “Each municipal and justice court shall have jurisdiction in all criminal cases amounting to [a] misdemeanor, where the offense charged was committed within the county in which the municipal or justice court is established except those of which the juvenile court is given jurisdiction and those of which other courts are given exclusive jurisdiction . . . .” (§ 1462, subd. (a).)
*Supp. 11 When a person disobeys an order issued by a court, he or she commits a contempt of court which the People may charge in a criminal complaint as a misdemeanor pursuant to section 166, subdivision 4.[3] Thus, the municipal court has original jurisdiction over violations of section 166.
The municipal court’s jurisdiction over contempts charged under section 166 is also exclusive. The superior court has no jurisdiction to hear and convict a person of misdemeanor contempt under section 166. (In re McKinney (1968) 70 Cal.2d 8, 13-14 [447 P.2d 972]; cf. § 1462, subd. (c) [superior court now has jurisdiction in all misdemeanor cases to receive a plea of nolo contendere or guilty, appoint time for pronouncing judgment, and pronounce judgment].)
There is no exception for cases involving contempts of orders of family law courts, such as the orders in the instant appeal. True, the superior court has exclusive jurisdiction over actions brought pursuant to the Family Law Act (Civ. Code, § 4000 et seq.). (Civ. Code, § 4351; Lyons v. Municipal Court (1977) 75 Cal.App.3d 829, 837 [142 Cal.Rptr. 449].)[4]
Civil Code section 4351 does not, however, extend the superior court’s jurisdiction to misdemeanor charges associated with such actions. A criminal complaint alleging contempt of a family law court order is not one of the expressed “proceedings under [the Family Law Act],” such as proceedings solemnizing a marriage (Civ. Code, § 4100 et seq.) or terminating a marriage (Civ. Code, § 4350 et seq.).
Nor is a criminal complaint alleging contempt the same as the family law court’s statutory contempt power under Civil Code section 4380. It is an additional remedy for willful disobedience of a court order. As the Supreme Court stated earlier this century, when the Legislature enacted section 166, “[i]t was the plain intent . . . expressed in the cited code sections to give a double aspect to the wrongful acts there enumerated. In one aspect they are to be regarded as offenses against the dignity and authority of the court, remediable in accordance with the rules prescribed in the Code of Civil Procedure [regarding contempt]. In the other aspect they *Supp. 12 are to be regarded as offenses against the peace and dignity of the people of the state of California, and remediable as such in accordance with the . . . Penal Code. . . . [j|] Plainly the legislature did not intend to take away from the court contemned the power to punish a violator of its orders, but intended rather to provide an additional remedy which should be in a sense cumulative, and which should be available in the courts possessing the appropriate criminal jurisdiction.” (In re Morris (1924) 194 Cal. 63, 69 [227 P. 914], italics added.)
The appellate court in Lyons v. Municipal Court, supra, 75 Cal.App.3d 829, rejected an analogous argument to the one we discuss here regarding the family law court’s misdemeanor jurisdiction. There, a father failed to pay child support pursuant to a superior court order in a divorce proceeding. He was charged in municipal court with, and convicted of, failing to provide child support in violation of section 270, a misdemeanor.
The father challenged the municipal court conviction, contending the Legislature had conferred exclusive jurisdiction over matters of dissolution, child custody, child support, guardianship and juvenile matters on the superior court. The Court of Appeal disagreed and affirmed his conviction, holding that “the Legislature has not invested the superior court with jurisdiction over misdemeanor criminal cases involving [the status of marriage, child custody, and child support]. . . .” (Lyons v. Municipal Court, supra, 75 Cal.App.3d at p. 837, original italics.) The court then stated that the people of this state have a legitimate interest in enforcing the duty to pay child support with the threat of criminal sanction apart from any civil remedies available. (Ibid.)
So too here. The state has a legitimate interest in enforcing the duty to obey a court order with the threat of criminal sanction, apart from the family law court’s civil remedy of contempt under Civil Code section 4380.
The fact that the Legislature has authorized misdemeanor contempt as an additional remedy for refusals to obey court orders is evidence of the state’s interest in enforcing the duty to obey such orders. The interest is well founded. Orders which a court is powerless to enforce are essentially useless.
The municipal court was the proper and only forum for prosecuting the instant allegations of criminal contempt. We conclude the trial court abused its discretion in dismissing the cases.
Ill
We also conclude the municipal court misapplied the doctrine of forum non conveniens. Forum non conveniens is a common law principle *Supp. 13 allowing a court which is a proper forum for a case to resist imposition upon its jurisdiction. (Appalachian Ins. Company v. Superior Court (1984) 162 Cal.App.3d 427, 433 [208 Cal.Rptr. 627].) This allows another more convenient forum to hear the case.
“In California, the doctrine of forum non conveniens is codified in Code of Civil Procedure section 410.30, subdivision (a), which states: ‘When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just.’ ” (Appalachian Insurance Company v. Superior Court, supra, 162 Cal.App.3d at p. 434, italics added.)
Clearly these cases are not properly heard outside California. They are actions concerning violations of a California penal statute, which occurred in Los Angeles County. There is no basis for transferring these actions out of California.
The municipal court cannot refuse to hear the misdemeanor allegations. The People are entitled to an opportunity to prove their criminal cases. It is incumbent upon them to provide the municipal court with the pertinent superior court records from which the municipal court can determine the truth of the criminal charges.
IV
The judgments (orders of dismissal) are reversed and the cases are remanded to the municipal court with directions to reinstate the complaints and allow the People to proceed.
Disco, J., and Krieger, J., concurred.

 The orders are appealable. (Pen. Code, § 1466, subd. (a)(2).)
All further statutory references are to the Penal Code unless otherwise indicated.

 Section 166, subdivision 4 provides: “Every person guilty of any contempt of court, of ... the following kinds, is guilty of a misdemeanor: [fl] . . . [fl] 4. Willful disobedience of any process or order lawfully issued by any court. . . .”

 A person charged with violating section 166, subdivision 4, is entitled to a trial by jury. (Mitchell v. Superior Court (1989) 49 Cal.3d 1230, 1240 [265 Cal.Rptr. 144, 783 P.2d 731].)

 Civil Code section 4351 provides in pertinent part: “In proceedings under [the Family Law Act], the superior court has jurisdiction to inquire into and render any judgment and make such orders as are appropriate concerning the status of the marriage, the custody and support of minor children of the marriage and children for whom support is authorized under Section 206, the support of either party, the settlement of the property rights of the parties and the award of attorneys’ fees and costs . . . .”