Opinion
ROBERSON, P. J.
Appellant challenges his conviction for criminal contempt for wilfully failing to pay child support, in violation of Penal Code section 166, subdivision 4.
I
Appellant first contends the trial court erred by applying Code of Civil Procedure section 1209.5[2] in this case because section 1209.5 addressed child support, and the order which appellant was accused of violating was for family support. This purported distinction is without merit. A family support order may only be made upon agreement of the parties, and merely combines child and spousal support, relieving the court from making separate orders for each segment of support. (See Civ. Code, §§ 4721, 4811, subd. (d).) Thus, a family support order will necessarily include child support where children are part of the family. There was uncontroverted testimony at trial that appellant and his wife had three children.
II
Appellant next contends that use of Code of Civil Procedure section 1209.5 in a criminal contempt proceeding is unconstitutional according to Hicks v. Feiock (1988) 485 U.S. 624 [99 L.Ed.2d 721, 108 S.Ct. 1423]. The United States Supreme Court in that case determined the use of the statute was unconstitutional in criminal cases because it created an improper presumption that the defendant would have the same ability to pay support during the period he failed to pay support as he did at the time the support award was set. In this regard, appellant also contends the trial court erred by *Supp. 4 shifting the burden of proof to the defendant to show as an affirmative defense that he lacked the ability to pay the child support payments, rather than requiring as an element of the contempt charge that the prosecution prove that the defendant had the ability to pay yet willfully refused to do so. Appellant, however, fails to point out that the Supreme Court remanded this case back to the California courts to further consider this issue. The Fourth District Court of Appeal subsequently determined in In re Feiock (1988) 215 Cal.App.3d 141 [263 Cal.Rptr. 437] that Code of Civil Procedure section 1209.5 does not deal with an evidentiary presumption. The court held that section 1209.5 was enacted by the Legislature in order to nullify the holding of Warner v. Superior Court (1954) 126 Cal.App.2d 821 [273 P.2d 89], insofar as that case made ability to pay an element for a finding of contempt. (In re Feiock, supra, 215 Cal.App.3d at p. 146.) As pointed out by the court in that case, section 1209.5 requires only “proof of the order, knowledge of it, and noncompliance” in order to establish a prima facie case (215 Cal.App.3d at p. 147.)[3] Because the trial court in the instant case followed the final Feiock exposition of California law, the trial court acted properly in requiring appellant to raise his inability to pay as an affirmative defense, rather than requiring the prosecution to prove ability to pay as an element of the offense.
III*
IV
The judgment is affirmed.
Johnson, J., concurred.

Code of Civil Procedure section 1209.5 states: “When a court of competent jurisdiction makes an order compelling a parent to furnish support or necessary food, clothing, shelter, medical attendance, or other remedial care for his child, proof that such order was made, filed, and served on the parent or proof that the parent was present in court at the time the order was pronounced and proof of noncompliance therewith shall be prima facie evidence of a contempt of court.”

In addition, Penal Code section 166, subdivision 4, which appellant was charged with violating, requires only “[w]illful disobedience of any process or order lawfully issued by any court.” There is no mention, quite logically, of “ability to pay.”

See footnote 1, ante, page Supp. 1.