Filed 9/17/25  P. v. Blanco CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084539 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD303505) |
| JOSE PINEIRO BLANCO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed; remanded for correction to Protective Order (form CR-160).

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

Jose Blanco appeals certain conditions of probation imposed on him by the trial court following his guilty plea.  We conclude that the trial court did not abuse its discretion in imposing reasonable probation conditions, and we accordingly affirm the judgment.  We remand for the limited purpose of

correcting the terms of the Protective Order to allow for peaceful exchange of the children for visitation, as pronounced by the court at sentencing.

## BACKGROUND

After an incident of domestic violence involving his ex-spouse, Blanco pled guilty to violating the personal liberty of another, in violation of Penal Code sections 236 and 237.[1] At the sentencing hearing, the trial court sentenced Blanco to a three-year term of formal probation with 179 days of custody and allowed him to serve the custody time through work furlough. In addition to his sentence, the court imposed a three-year protective order, directing Blanco to stay away from his ex-spouse, the victim of the offense to which he pled.

The order granting probation included a requirement that Blanco "[s]ubmit [his] person, vehicle, residence, property, personal effects, computers, and recordable media to search at any time with or without a warrant, and with or without reasonable cause, when required by P.O. or law enforcement officer." The order also included a requirement that Blanco "[f]ulfill California Child Support payments".

The Probation Report noted that the primary concern of the victim was that Blanco continue to pay his monthly child support obligation because she relied upon his financial support. At the sentencing hearing, the court emphasized the importance of Blanco paying his child support obligations, noting that the "reason . . .this [work furlough] deal was negotiated for you is so that you could continue to support your children while you rehabilitate."

At sentencing, Blanco objected to the support conditions, stating that issues of child support should be heard in the family court; but the court stated that to remain law-abiding as required by his probationary sentence,

---

1    Further unspecified statutory references are to the Penal Code.

2

Blanco needed to pay the court-ordered support. "The whole point of sending him to Work Furlough instead of there is so he gets a job and pays." Blanco further objected that there was not a nexus between the criminal case for domestic violence and a child support condition for probation. The court explained that the nexus was the permission to serve his custody in work furlough "so that he continues to help with the children."

Blanco timely appealed.

## DISCUSSION

Blanco challenges two conditions of probation, which were imposed over defense counsel's objection. As we will explain, the probation conditions were warranted.

### A. Standard of Review

"We review conditions of probation for abuse of discretion." (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) "As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or ' " 'exceeds the bounds of reason, all of the circumstances being considered.' " ' " (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)

### B. Applicable Law

In making a probation determination, the court may, in the interests of justice, impose reasonable conditions, such " 'that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . .' " (§ 1203.1, subd. (j).) The trial court's discretion in ordering probation conditions is broad but "must serve a purpose specified in Penal Code section 1203.1." (*Olguin, supra,* 45 Cal.4th at p. 379). As explained in *Olguin,* a condition of probation will not be held invalid

3

unless (1) it has no relationship to the crime of conviction, (2) it relates to conduct which is not in itself criminal, and (3) it requires or forbids conduct which is not reasonably related to future criminality. (*Ibid*.) "[A]ll three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Olguin*, *supra*, 45 Cal.4th at pp. 379–380.)

### C. The Search Condition Was Reasonable To Ensure Blanco's Compliance with the Protective Order.

Blanco argues that the trial court abused its discretion in imposing the search condition on his electronic devices, because the condition does not relate to the crime of false imprisonment, for which he was convicted; nor does it relate to criminal conduct; nor does it relate to future criminality. We disagree.

Blanco was originally charged with corporal injury to a spouse and assault on her by means likely to produce great bodily injury. As noted above, he pled guilty to an amended count of violating her personal liberty. The court entered a protective order to ensure her safety. The probation condition was a reasonable means to ensure that Blanco did not endeavor to contact the victim in violation of that order.

Blanco cites *In re Ricardo P.* (2019) 7 Cal.5th 1113 in support of his contention that the electronic search term was unreasonable. Ricardo P., a juvenile, had been convicted of burglaries for entering two residences. At sentencing, the juvenile court imposed probation conditions including the requirement that he submit the passwords for his electronic devices for search by probation or the police. (*Id.* at pp. 1116–1117). The court imposed

4

the condition "solely to enable probation officers to monitor whether Ricardo is communicating about drugs or with people associated with drugs." (*Id.* at p. 1119.) The Supreme Court held that the record was insufficient "to justify the substantial burdens imposed by [the] electronics search condition" because there was no evidence that the defendant had used or would use electronic devices in connection with drugs or other illegal activity. (*Ricardo P.,* 7 Cal.5th at p. 1116.) The court concluded that the burden on the defendant's privacy was "substantially disproportionate" to the goal of monitoring and deterring drug use, (*id.* at p. 1120), and the condition "imposes a very heavy burden on privacy with a very limited justification," and is therefore not reasonably related to future criminality. (*Id.* at p. 1124).

In contrast, here, unlike *Ricardo P.*, the search condition was intended to ensure compliance with the no-contact order protecting the victim of the crime of conviction. Electronic devices and social media use are common means by which a restrained person could violate a no-contact order. Thus, both the relationship to the crime of conviction and the concern of future criminality related directly and reasonably to the search condition, unlike the situation in *Ricardo P.*, in which the trial court's concern about possible illegal drug use by the minor had only a tenuous connection to the crime of conviction (burglary). Accordingly, the trial court did not err in imposing the search condition of Blanco's electronic devices.

### D.  The Child Support Condition Was Reasonable in Light of the Offense and Sentence.

As noted above, the trial court emphasized that Blanco's plea deal, which incorporated a work furlough means to satisfy his custody time, was entirely based on the necessity of child support for the victim, who was the mother of his children.

Blanco argues that failure to pay child support is not necessarily criminal conduct and thus, the support condition is invalid. Here, too, we disagree.

In imposing a probation condition, a "trial court may properly go beyond the exact confines of the current offense to consider all the relevant circumstances regarding the probationer." (*People v. Patillo* (1992) 4 Cal.App.4th 1576, 1580.) A "condition . . . 'reasonably related to future criminality' . . . may not be held invalid whether or not it has any 'relationship to the crime of which the offender was convicted.' " (*People v. Balestra* (1999) 76 Cal.App.4th 57, 65.) "[T]he entire circumstances of [the defendant's] background and the crime for which he was convicted, must be carefully scrutinized." (*In re Martinez* (1978) 86 Cal.App.3d 577, 584.)

Here, the victim of the crime is the mother of Blanco's children. She supported the plea deal, notwithstanding the injuries she sustained at his hands, because she relied on Blanco's financial support in the form of court-ordered child support payments. A key probation condition was that Blanco remain law-abiding. As pointed out by respondent, failing to pay child support could support a criminal contempt prosecution. (See *People v. Dilday* (1993) 20 Cal.App.4th Supp. 1; *Lyons v. Municipal Court* (1977) 75 Cal.App.3d 829, 840 ["[t]he law is well settled that orders for spousal support and child support may be enforced by contempt proceedings, and that a jail sentence imposed pursuant to such proceedings does not constitute imprisonment for debt"].)

### E. The Protective Order (Form CR 160) Must Be Amended To Allow for Peaceful Exchange of Children for Court-Ordered Visitation.

On appeal, Blanco asks us to correct the terms of the protective order to include the court's oral statement at sentencing that it was ordering an

6

exception to the no-contact order, namely, an exception for peaceful exchange of the children. The People have no objection to this correction. Accordingly, we will remand the matter for the limited purpose of correcting the court's order on form CR-160, at paragraph 14 and 14(a), to reflect the court's oral pronouncement making an exception to the no-contact order to allow for peaceful exchange of children, so that the information entered into CLETS will reflect the complete order of the court.

## DISPOSITION

The judgment is affirmed; remanded for correction to Protective Order (form CR-160).

KELETY, J.

WE CONCUR:

O'ROURKE, Acting P. J.

BUCHANAN, J.