Argued November 28, reversed December 5, 1950

IN RE MERVIN CLARK, AN INCOMPETENT
## CLARK v. OLINGER
224 P. (2d) 917

*Leo Levenson,* of Portland, argued the cause for appellant. With him on the brief was Samuel Jacobson, of Portland.

*Alton John Bassett,* of Portland, argued the cause and filed a brief for respondent.

Before LUSK, Chief Justice, and BRAND, LATOURETTE, WARNER and TOOZE, Justices.

LATOURETTE, J.

This appeal involves a habeas corpus proceeding. Petitioner and defendant were divorced in Oregon in 1924. The custody of Mervin Clark, the subject of this controversy and a minor at that time, was awarded to the defendant, the mother. Later on, the son went to Spokane, Washington, to join his father and, while at that place, attained his majority. The son thereafter was adjudicated an incompetent in Spokane in July, 1945, the father being appointed guardian of the person and estate of his son. The boy eventually returned to Oregon to his mother; whereupon, the father, as guardian of the boy, petitioned the circuit court of Multnomah county for a writ of habeas corpus. Upon the issuance of such writ, the mother filed a return thereto, after which the father filed his replication. Upon issue being joined, the trial court, upon hearing, entered a judgment dated October 11, 1948, remanding the incompetent to the mother and ordering the petition dismissed. No appeal was taken from that order.

On July 1, 1949, plaintiff filed a motion, supported by his affidavit, to modify the aforementioned judgment order. The mother filed a counter affidavit in such proceeding. On the 7th day of July, 1949, the lower court entered its judgment modifying its former judgment. Such modification was based on the motion and affidavit of the plaintiff and the record of the case. This modification order, in part, reads as follows:

"ORDERED, that the custody of Mervin Clark, an incompetent, the adult child of the parties hereto, is hereby awarded to the petitioner and father, W. Willis Clark, forthwith, and it is further

"ORDERED, that Flora Olinger deliver up to the said W. Willis Clark the said Mervin Clark this 7th day of July, 1949."

The mother appeals from this latter order.

The authority of the court in a habeas corpus proceeding, so far as the disposition of the case is concerned, is found in the language of § 11-425, O. C. L. A., which follows:

> "If it appear that the party detained is illegally imprisoned or restrained, judgment shall be given that he be forthwith discharged; otherwise, judgment shall be given that the proceeding be dismissed and the party remanded."

Pursuant to such provision, the trial court in the original proceeding, as hereinbefore stated, remanded the child to the mother and dismissed the petition. This judgment was final and conclusive in the absence of an appeal. The court had no authority to modify such judgment upon motion in the manner indicated in the absence of statute granting such authority. Since the statute involving habeas corpus contains no provision for a proceeding such as has been initiated in this case, the lower court was without jurisdiction and erred in the modification of the judgment. *Armstrong v. Vancil,* 169 Or. 320, 128 P. (2d) 951. Reversed.