[Civ. No. 24043.    First Dist., Div. One.    Feb. 15, 1967.]

MORTON R. KRESTELLER, Petitioner, v. THE SUPE-
RIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent; NANCY H. FELDMAN,
Real Party in Interest.

Mueller & McLeod and Robert J. Smith for Petitioner.

No appearance for Respondent.

Lewis & Stein and Ronald H. Rouda for Real Party in
Interest.

MOLINARI, P. J.—Petitioner, Morton R. Kresteller, seeks
a writ of prohibition to restrain the respondent Superior Court
of the City and County of San Francisco from hearing an

action for child support brought by his former wife, Nancy H. Feldman, the real party in interest. This court granted an alternative writ following the denial by the lower court of a motion to vacate an order to show cause why Morton should not be required to pay Nancy reasonable child support during the pendency of the action.

The facts are as follows: On August 14, 1959 the Superior Court of the County of San Mateo granted Nancy an interlocutory decree dissolving her marriage with Morton. The decree provided that Nancy would have the care, custody and maintenance of their minor child, Daniel. A final judgment of divorce was entered *nunc pro tunc* as of August 14, 1960.[1] On September 19, 1966 Nancy commenced the present action for child support in the respondent court out of which the subject order to show cause issued.

Our first inquiry is whether an independent action for child support will lie as against a parent who has been deprived of the child's custody by a prior divorce decree. In *Lewis* v. *Lewis* (1917) 174 Cal. 336 [163 P. 42], the Supreme Court reversed a judgment awarding the minor child of a dissolved marriage the right to future support from her father. The court reasoned that since the father had been deprived of the child's custody by the terms of an earlier divorce decree which gave the mother custody, the father had no duty under the Civil Code section 196[2] to support the child. (Pp. 338, 340.)

The *Lewis* case was followed by this court in *von Beroldingen* v. *von Beroldingen* (1962) 210 Cal.App.2d 1 [26 Cal. Rptr. 202]. In that case, the plaintiff mother had by a prior divorce decree been awarded custody of the plaintiff minor. Apparently the divorce decree incorporated an agreement that the father pay for any extraordinary medical bills incurred for the benefit of the child, but otherwise it did not require

---

[1]The Final Judgment of Divorce makes no reference to the minor child or child support. In the subject complaint Nancy alleged that the provisions of the interlocutory judgment were incorporated in the final judgment. Although this is not apparent from a reading of the latter document, Morton takes the position that said allegation amounts to an admission that such incorporation occurred, and accordingly, accepts the allegation as true.

[2]Civil Code, section 196 read then, as now, as follows: ''The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child is able to give are inadequate, the mother must assist him to the extent of her ability.''

Unless otherwise indicated all statutory references hereinafter made are to the Civil Code.

the father to furnish the child other necessaries of life. The mother and minor child later sued for accrued extraordinary medical expenses. In addition, the mother sought to recover sums expended by her for past support other than medical expenses, and both mother and child sought an order for future support. On appeal, this court stated that "an independent action will not lie where the divorce court has once taken jurisdiction, and that suit will lie only upon an order of that court." (P. 10.)

The Legislature has not amended section 196 since its enactment in 1872. Nor has the Supreme Court ever expressly overruled the *Lewis* rule that a parent who lacks custody of his child has no duty of support under section 196. In 1923, however,—some six years after the *Lewis* decision—the Legislature did amend Penal Code section 270 to provide that a father is not relieved of his criminal liability for the wilful failure to provide for his minor child merely because the mother of such child is legally entitled to its custody nor because she or some other person has provided the necessities of life to such child.[3] In *Dixon* v. *Dixon* (1932) 216 Cal. 440 [14 P.2d 497], an action brought in this state for child support by a mother who had been awarded the custody of the child by a divorce decree in Oklahoma, the effect of this amendment was stated as follows: "Since the recasting of section 270 of the Penal Code by the act of 1923 . . . , the failure of a father to provide necessary support and maintenance for his minor child has been made a criminal offense. This is true regardless of agreements, property settlements, decree of divorce or decrees respecting custody or maintenance of the minor, affecting the husband and wife." (P. 442.) Accordingly, the Supreme Court affirmed a judgment for child support, even though the child was no longer entitled to support according to the terms of the Oklahoma decree.

In *Dimon* v. *Dimon* (1953) 40 Cal.2d 516 [254 P.2d 528],[4] we find this statement: "It is the law of this state that a divorced wife who has the custody of minor children may bring an action against the father for their support." (Citing *Dixon* v. *Dixon, supra.*) (P. 523.) There the Supreme Court was called upon, among other issues, to determine whether a wife could bring an action against her former husband for

---

[3]See 1923 and 1925 amendments to Penal Code section 270.

[4]The *Dimon* case was overruled in *Hudson* v. *Hudson*, 52 Cal.2d 735, 745 [344 P.2d 295] on other grounds. Its decision with respect to child support remains unaffected.

past or future support for the children of the marriage previously terminated by a divorce in Connecticut awarding the wife the custody of the children and child support. Although the judgment of the lower court for child support was reversed on the ground that the finding of the father's ability to pay was without evidentiary support, our Supreme Court declared that even a father who has been deprived of his child's custody must support it. As authority for this proposition, the reviewing court cited the *Dixon* case and Penal Code section 270. The Supreme Court also took note of section 137.1, although it did not rely upon that section in view of its enactment in 1951 after the complaint in the *Dimon* case was filed. That section provides that "When a father or mother *has the duty* to provide for the support, maintenance and education of the children of the father and mother and wilfully fails to provide for such support, maintenance and education, the father or mother, as the case may be, or any child by its guardian ad litem, may maintain an action in the superior court against the mother or father, or both, as the case may be, for the support, maintenance and education of said children." (Italics added.) The court in *Dimon*, however, stated in passing that this section was merely "a legislative enactment of the case law as it existed at the time this action was commenced." (P. 524.)

In view of the foregoing it is apparent that the father has a penal responsibility for the support of his child notwithstanding the custody of the child has been awarded to the mother without any provision having been made for its support in the divorce action. Accordingly, in the light of the rationale of the *Dixon* and *Dimon* cases, when coupled with the provisions of section 137.1 enacted subsequent to the holding in the *Lewis* case, it is apparent that the holding of the *Lewis* case that a parent who has not been awarded the custody of the child does not owe it the duty of support is no longer the law of this state. It would indeed be the height of inconsistency to hold that a father has the duty to support his minor child under the penalty of criminal responsibility but that he does not owe that duty to the child because he has no civil liability for its support. It appears clear to us moreover, that such civil liability is implicit in the language of section 137.1, and that when the duty to support exists it may, in a proper case, be enforced in an independent action. In *Ackerman* v. *Superior Court*, 221 Cal.App.2d 94, 97-98 [34 Cal. Rptr. 182], the appellate court, after noting that a father is

under a statutory duty to support his minor children upon a proper showing, held that section 137.1 expressly authorized a suit by the mother to enforce that duty.

The effect of the conclusion reached by us is that section 196, when read in conjunction with section 137.1 and Penal Code section 270, no longer requires the conclusion that a father deprived of the custody of his child owes no duty to provide for the support, maintenance and education of the child.

A writ of prohibition must nevertheless issue to restrain the San Francisco Superior Court from hearing Nancy's child support action, for the San Mateo Superior Court—the court which granted her her divorce—has primary, continuing jurisdiction. Although the *Lewis* case did construe section 196 as we have indicated, it also held that the California court which granted the original divorce decree could always modify that decree to direct the father to provide the support of minor children. (Sections 138 and 139; *Lewis* v. *Lewis, supra,* pp. 338, 340.) Thus, the rationale of *Lewis* did not turn solely upon the duty of support, but rested essentially upon the divorce court's continuing, primary jurisdiction to modify the provisions of its decree, notwithstanding its failure to include an order for child support in its original decree. (See section 139; *Krog* v. *Krog,* 32 Cal.2d 812, 816-817 [198 P.2d 510]; *McReynolds* v. *McReynolds,* 218 Cal. App.2d 683, 687 [32 Cal.Rptr. 462].)

That rationale is applicable in the instant case so as to preclude the subject independent action. In the present case, although the San Francisco court, by virtue of section 137.1, had jurisdiction to entertain an action for child support, its jurisdiction was concurrent with that of the San Mateo court whose jurisdiction, by virtue of its power to modify the divorce decree, was a continuing one. (See *Greene* v. *Superior Court* (1951) 37 Cal.2d 307, 311-312 [231 P.2d 821]; *Browne* v. *Superior Court* (1940) 16 Cal.2d 593, 598 [107 P.2d 1, 131 A.L.R. 276]; *Olson* v. *Olson,* 95 Cal.App. 594, 596-597 [272 P. 1113]. Cf. *Foster* v. *Foster,* 8 Cal.2d 719, 726 [68 P.2d 719].) Where two or more courts have concurrent jurisdiction, it is the rule that the court first assuming jurisdiction retains it to the exclusion of all other courts in which the action might have been initiated. (*Green* v. *Superior Court, supra,* p. 310; *Browne* v. *Superior Court, supra,* pp. 597-598; *Mungia* v. *Superior Court* (1964) 225 Cal.App.2d 280, 283 [37 Cal. Rptr. 285].)

In *Greene,* the wife was granted a divorce decree and the custody of the minor children in the Santa Barbara Superior Court. Subsequently she remarried and moved with the children to San Francisco County, where she applied for letters of guardianship. The father challenged the San Francisco court's jurisdiction by seeking a writ of prohibition. In granting the writ the Supreme Court declared that ''The rule making exclusive the jurisdiction first acquired is particularly apposite to prevent unseemly conflict between courts that might arise if they were free to make contradictory custody awards at the same time. [Citations]'' (P. 311.)[5] The reviewing court noted that its rule would prevent the parent with custody from moving from county to county instituting vexatious litigation in search of a court which would alter the provisions of the divorce decree. (P. 312; see Comment 25 So.Cal.L.Rev. 224.) Reference was made in *Greene* to the requirement that before modification or vacation of a custody decree there must be a change of circumstances arising after the original decree is entered. (P. 312.) Implicit in this statement is the recognition that ordinarily the divorce court which rendered the original decree is in a better position by reason of its previous award to make a determination as to whether there has been a change of circumstances.

Although the *Greene* case dealt with the question of custody, the principles and policy arguments declared by it with respect to a custody award are equally applicable to cases of child support which involve the same questions of policy and convenience. (See 2 Armstrong, California Family Law, pp. 1150-1151; see also *Thomas* v. *Thomas* (1939) 14 Cal.2d 355, 360 [94 P.2d 810].)

Let the peremptory writ issue as prayed.

Sims, J., and Elkington, J., concurred.

---

[5]Although the cases speak of the ''exclusiveness'' of the first court's jurisdiction, it would appear to be more appropriate to designate the first court's jurisdiction as ''primary'' since the cases indicate that ''If change of residence within the state makes it desirable that the court of another county have jurisdiction to modify the decree, the objective may be attained by a change in venue.'' (*Greene* v. *Superior Court, supra,* p. 312; *Cooney* v. *Cooney,* 25 Cal.2d 202, 206-207 [153 P.2d 334].)