[Crim. No. 17461. Second Dist., Div. Four. Mar. 23, 1970.]

In re CHARLES W. HENDRICKS on Habeas Corpus.

## COUNSEL

Agnes M. Montalto for Petitioner.

Herbert L. Ashby, County Counsel, and John M. Chamberlain, Chief Deputy County Counsel, for Respondent.

Frazier, Dame, Borrell & Doherty and Roger W. Borrell for Real Party in Interest.

## OPINION

**ALARCON, J. pro tem.**\*—Petition for a writ of habeas corpus to review an order of the Superior Court of Ventura County adjudging petitioner to be in contempt.

On June 30, 1969, in a pending divorce action, pursuant to plaintiff-wife's order to show cause, the court made the following pendente lite order: "Pursuant to stipulation of respective counsel, the court orders that defendant shall pay to plaintiff as and for temporary alimony and child support, the monthly sum of $300.00, . . . Pursuant to the further stipulation of counsel, the court orders that defendant shall pay all community debts and obligations incurred prior to date of separation; . . ."

On September 15, 1969, petitioner was held in contempt of court for his wilful failure to comply with the order requiring him to pay the community debts.[1] The court granted a stay of execution and on December 5, 1969, petitioner was committed to the county jail for a period of five days. The within petition was filed December 5, 1969, and, upon the issuance by this court of an Order to Show Cause, petitioner was released

---

\*Assigned by the Chairman of the Judicial Council.

[1]The order of September 15, 1969, provides in pertinent part: "The matter is duly submitted to the court, and the court finds that the order made on June 30, 1969 was by stipulation and that both parties were present in court at that time; that the defendant did hear the order, understood and knew what it embraced; that subsequently and prior to August 29, 1969, if not prior to June 30, 1969, the defendant was aware of each of the debts listed in the declaration of the plaintiff dated August 29, 1969; that defendant had knowledge that each of the debts was a community debt incurred prior to June 13, 1969, and the court further finds that defendant had the ability to pay the debts and each of them and that defendant willfully failed to do so, and is therefor[e] in contempt of the order of the court.

"It is therefore ordered that defendant is in contempt of this court, in that he failed to pay community debts incurred prior to June 13, 1969 as ordered to be paid on June 30, 1969, and it is further ordered that as punishment for said contempt, defendant be confined in the Ventura County Jail for a period of 5 days."

from custody, on his own recognizance, pending final determination of these proceedings.

Petitioner concedes the power of the court to make an order requiring the husband to make payments to or on behalf of the wife, but contends that the constitutional provision against imprisonment for debt (Cal. Const., art. I, § 15) precludes the use of contempt proceedings to enforce the present order.

It is well settled that an obligation to pay alimony and child support is not a "debt" within the constitutional guaranty against imprisonment for debt. (*Miller* v. *Superior Court,* 9 Cal.2d 733, 736-737 [72 P.2d 868]; *Bradley* v. *Superior Court,* 48 Cal.2d 509, 519 [310 P.2d 634]; *Thomas* v. *Thomas,* 14 Cal.2d 355, 357 [94 P.2d 810]; *Bailey* v. *Superior Court,* 215 Cal. 548 [11 P.2d 865].) Likewise, the guaranty does not apply to liabilities based on orders for attorney's fees and costs necessary to prosecute or defend an action for divorce, annulment or child support. (*Freeman* v. *Superior Court,* 44 Cal.2d 533 [282 P.2d 857]; *Ex parte Perkins,* 18 Cal. 60; *Sorrell* v. *Superior Court,* 248 Cal.App.2d 157, 159-160 [56 Cal.Rptr. 222].) Such liabilities are based upon the statutory obligation of support.

Petitioner relies mainly upon *Bradley* v. *Superior Court, supra,* 48 Cal.2d 509, in support of his contention that the money which the court has ordered him to pay is a contractual obligation and therefore constitutes a "debt" within the constitutional provision. *Bradley* involved an integrated property settlement agreement, and the order directing imprisonment for contempt was annulled because the payments required to be paid to the wife were not "a severable provision for alimony" but were an integral part of an adjustment of property rights. The court states, page 522: "We are satisfied that the better view is that payments provided in a property settlement agreement which are found to constitute an adjustment of property interests, rather than a severable provision for alimony, should be held to fall within the constitutional proscription against imprisonment for debt. That is, if the obligation sought to be enforced is contractual and negotiated, as distinguished from marital and imposed by law, even though the contract relates to marriage obligations, the remedy must be appropriate to the right asserted. Payments which fall into the category of law-imposed alimony or separate maintenance are based upon the statutory obligation of marital support, may be modified by the court upon a proper showing, ordinarily terminate with the death of either party, and may properly be held not to constitute a 'debt' within the meaning of the constitutional provision. No such case for special exemption from the constitutional proscription can be made where the payments represent

the result of a bargain negotiated by the parties in adjustment of their respective interests, . . ."

During the pendency of an action for the dissolution of a marriage the trial court has the jurisdiction to order a husband to pay *any amount* which is necessary for the support and the maintenance of the wife and his children. (Civ. Code, § 137.2.[2]) The purpose of an allowance of alimony pendente lite for the spouse is to provide for his or her support until the court determines whether the marriage should be dissolved. (See *Westphal* v. *Westphal,* 122 Cal.App. 379, 383 [10 P.2d 122]; *Spreckels* v. *Spreckels,* 111 Cal.App.2d 529, 534 [224 P.2d 917]; *Hood* v. *Hood,* 211 Cal.App.2d 332, 338 [27 Cal.Rptr. 47].)

In the instant matter, according to the court's minutes, no testimony was presented at the hearing to determine whether temporary alimony should be ordered as requested by Mrs. Hendricks. Instead the parties stipulated that the petitioner should pay $300 a month, plus all community debts and obligations. Because of the stipulation no facts were presented by either side as to the amount which was necessary for the support and maintenance of Mrs. Hendricks and her child. The amount of support which can be awarded pendente lite is discretionary with the trial court. (*Zinke* v. *Zinke,* 212 Cal.App.2d 379, 381 [28 Cal.Rptr. 8].) Certainly the trial court had a right to rely on the fact that the petitioner, represented by counsel, would not stipulate to an amount of alimony pendente lite which was greater than that necessary for the support of his wife and child. In awarding alimony and child support pendente lite, the trial court is not restricted to an amount which is necessary for future expenses. The court may include an amount for the payment of past community debts so that the spouse seeking support "might be placed in a situation so that in the future she would be enabled to live upon the allowance provided to be paid her." (*Gay* v. *Gay,* 146 Cal. 237, 243 [79 P. 885].)

From the record before us the order issued by the trial court requiring the petitioner to pay past community debts and obligations was a proper award of alimony pendente lite. It was not an order to pay a contractual obligation or "debt" arising out of an adjustment of property rights. The question of the division of property was not before the trial

---

[2]Civil Code section 137.2 provides in pertinent part: "During the pendency of any action for divorce or for separate maintenance or for the support, maintenance or education of children, the court may order the husband or wife or father or mother, as the case may be, to pay any amount that is necessary for the support and maintenance of the wife or husband and for the support, maintenance and education of the children, as the case may be." (Repealed and replaced by § 4516, which became operative on January 1, 1970.)

court at the hearing to determine alimony pendente lite. The adjustment of property interests cannot be determined by the court until a determination is made that the marriage should be dissolved. (Civ. Code, § 146.) There is nothing in the record before us to support the petitioner's contention that the stipulation to pay all community debts and obligations was intended to be a division of property. Since the husband, as manager of the community, was already under an obligation to pay debts due to the community creditors, the stipulation must have been intended to accomplish something specifically in aid of the wife. We construe it as being intended to concede that, if those debts were not promptly paid, the wife would be impeded in her efforts to live on the $300 per month allowed to her for the future, and to avoid the necessity of an evidentiary hearing to establish that fact. As such, the order based on that stipulation was an order for her support and maintenance, enforceable by contempt.

The evidence supports the trial court's determination that the petitioner was in violation of the order issued June 30, 1969.

The petition for writ of habeas corpus is denied.

Kingsley, Acting P. J., and Dunn, J., concurred.