[Crim. No. 10289. First Dist., Div. Four. Apr. 18, 1972.]

In re LONNIE L. FONTANA on Habeas Corpus.

**COUNSEL**

Jacobs, Blanckenburg, May & Colvin and Robert A. Martin for Petitioner.

No appearance for Respondent.

Matthew M. Fishgold and Jerome N. Lerch for Real Party in Interest.

**OPINION**

**BRAY, J.*—**

*Petition for Writ of Habeas Corpus*

The sole question presented is: Does the remedy of contempt lie for violation of a court order in a dissolution of marriage action requiring petitioner to make payments on an automobile awarded to his former wife?

*Record*

In the interlocutory judgment dated March 12, 1971, in the dissolution of marriage action between petitioner and his then wife, Patricia Fontana, now Patricia Curiel, the court, among other distributions, ordered that petitioner pay to Patricia Fontana "$72 per month for the payments on the 1970 Volkswagon automobile which is financed through Wells Fargo Bank, until the said automobile is paid off." Apparently this order was made pursuant to a property settlement agreement of the parties.

Patricia remarried and then petitioner refused to make any further payments for the automobile. Petitioner was brought before the San Mateo

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Superior Court on an order to show cause re contempt for failure to continue the payments. After a hearing, petitioner was adjudged in contempt of court for failure to make such payments, and sentenced to five days imprisonment. He was remanded to the custody of the sheriff. He then filed this petition for habeas corpus. We issued an order to show cause and a temporary release from custody.

Contempt does not lie.

The court ruled that the order in question was not a support order, but was an order adjudging the property rights of the parties.

 Petitioner contends that to imprison one for failure to make payments in accordance with a property settlement agreement pursuant to a court order would violate article I, section 15 of the California Constitution, which prohibits imprisonment for debt. Real party in interest (hereinafter referred to for convenience as "respondent") contends that newly enacted Civil Code section 4380[1] makes this contention untenable.

The pre-1967 rule was that an agreement which ordered a spouse to make payments to the other spouse, but which was found to constitute an adjustment of property interests rather than several provisions for support, could not be enforced by contempt. (*Bradley* v. *Superior Court* (1957) 48 Cal.2d 509, 522 [310 P.2d 634].) However, this rule was changed in 1967 when section 139 of the Civil Code was amended to provide that support provisions found in an integrated property settlement agreement could be enforced by contempt. (2 The Family Lawyer (Cont.Ed.Bar 1969 Supp.) p. 85.) Section 139 was superseded by section 4540, which was superseded by section 4380, the latter two having the same language. Thus, even though the interlocutory judgment appears to contain an integrated agreement, any support provisions contained therein can be enforced by contempt.

Only spousal support and child support orders, and orders for necessary attorney's fees and costs, may be enforced by contempt proceedings. These matters are not considered debts within the constitutional guaranty against imprisonment for debt. (*In re Hendricks* (1970) 5 Cal.App.3d 793, 796 [85 Cal.Rptr. 220].)

 We have cited no case, and we could find none, that has interpreted the language of former section 4540 or present section 4380 in relation to the constitutional prohibition against imprisonment for debt.

---

[1]Section 4380 provides: "Any judgment, order, or decree of the court made or entered pursuant to this part may be enforced by the court by execution, attachment, the appointment of a receiver, contempt, or by such other order or orders as the court in its discretion may from time to time deem necessary."

However, section 4380 should be read in light of the constitutional prohibition against imprisonment for debt. In *Martins* v. *Superior Court* (1970) 12 Cal.App.3d 870 [90 Cal.Rptr. 898], which held that former section 4540 did not apply to annulment proceedings (the subject of that action), the court stated that an agreement to pay a sum as a property settlement incorporated in the court's judgment cannot be enforced by contempt because it would be violative of the state Constitution as imprisonment for debt. (*Id.*, at p. 874.) While this statement is undoubtedly dictum, it is good logic.

The court's classification of the particular portion of the judgment in question is correct. An examination of the whole judgment shows that it deals only with the division of the property of the parties and who shall pay the community debts. It cannot reasonably be said that, in requiring the petitioner to pay the indebtedness on the automobile, the court was granting respondent alimony.

To interpret section 4380 to provide that contempt may lie for failure to make payments as part of a division of community property under a court order based upon an integrated property settlement agreement would constitute an unconstitutional determination that imprisonment for debt may lie.

Let the writ of habeas corpus issue.

Devine, P. J., and Rattigan, J., concurred.