[Civ. No. 18727. Fourth Dist., Div. One. Aug. 31, 1979.]

In re the Marriage of DORIS V. and JOHN R. THOMPSON.
JOHN R. THOMPSON, Appellant, v.
DORIS V. THOMPSON, Respondent.

COUNSEL

Bekken & Bekken and Dean Bekken for Appellant.

Avery & Fuhrman, William R. Fuhrman and Victor S. Eriksen for Respondent.

OPINION

**BROWN (Gerald), P. J.**—The Thompson marriage was ended in November 1977 by an interlocutory judgment of dissolution. The judgment included a property settlement; no child support was ordered but the court retained the power to modify this provision.

Almost immediately after the dissolution the parties resumed living together in an attempt at reconciliation. During this time, Mr. Thompson's mother gave him a truck. About a year later the relationship fell apart. Mr. Thompson tried to abduct their two children which resulted in his incarceration.

Mrs. Thompson filed an order to show cause which was, in effect, a motion seeking modification of the interlocutory judgment concerning child support. The matter was heard on January 12, 1979, and child

support was awarded on condition that an allotment could be procured from the Navy to pay the support while Mr. Thompson was in custody. Mr. Thompson was ordered to apply for the allotment. Mrs. Thompson was given temporary use of the truck for the benefit of herself and the children.

Mr. Thompson immediately appealed the order.

When Mr. Thompson refused to comply with the terms of the order, his wife filed a second order to show cause. The matter was heard on January 29, 1979. It was, in effect, a contempt proceeding brought to enforce the court's previous order. Mr. Thompson was held in contempt and was directed to execute any and all documents requisite to obtaining the Navy allotment within 10 days. Mr. Thompson had attempted to assign his interest in the truck to his attorney; the court awarded permanent possession of the truck to Mrs. Thompson as partial payment of child support.

An amended notice of appeal was filed by Mr. Thompson after this second order. The issues raised on appeal concern the trial court's action in both of the hearings.

Mr. Thompson contends the interlocutory judgment was final after the period for appeal had run and it was beyond the power of the trial court to modify the provisions of that judgment. By its terms, however, the interlocutory judgment preserved the court's power to modify the child support provision. ■ California law permits modification of support provisions of an otherwise final judgment at the court's discretion (Civ. Code, §§ 4811, 4700; *Kresteller* v. *Superior Court,* 248 Cal.App.2d 545 [56 Cal.Rptr. 771]). ■ An order of the trial court modifying child support will not be disturbed on appeal unless the court has abused its discretion (*In re Marriage of Muldrow,* 61 Cal.App.3d 327 [132 Cal.Rptr. 48]).

■ In general, the court which renders the support order has continuing jurisdiction over the parties, after final judgment, for purposes of enforcement or modification (Civ. Code, § 4703; *Kresteller* v. *Superior Court, supra,* 248 Cal.App.2d 545). ■ Mr. Thompson asserts the filing of a notice of appeal deprives the trial court of the power to enforce its order. Perfecting an appeal may stay proceedings in the trial court on the order appealed in some situations (Code Civ. Proc., § 916). A notice of appeal, however, does not automatically stay enforcement of an order. A stay is a statutory privilege which may only be granted if certain statutory

requirements are complied with (*Miller* v. *Gross*, 48 Cal.App.3d 608 [121 Cal.Rptr. 875]). For example, an undertaking is required to stay enforcement of an order which directs the payment of money or the delivery of personal property (Code Civ. Proc., §§ 917.1, 917.2). Such an undertaking has been required in dissolution proceedings pending the appeal of support orders (*Smith* v. *Smith*, 201 Cal. 217 [256 P. 419]).

Mr. Thompson has not requested a stay pending this appeal. He has not undertaken to post the security required by statute to protect his family's interests under the support order. The mere filing of a notice of appeal will not suspend a man's duty to feed his children. The trial court acted within its jurisdiction to enforce and modify its earlier order at the hearing on January 29.

The court also used a proper method to enforce the order. Mr. Thompson refused to comply with the court's mandate and he was held in contempt. ■ A contempt proceeding is a proper method of enforcing child support orders (Civ. Code, § 4380; *In re Hendricks*, 5 Cal.App.3d 793, 796 [85 Cal.Rptr. 220]).

■ Mr. Thompson contends the trial court erred in awarding his truck as child support. He claims the truck is not subject to the court's disposition because it was his separate property. However, the separate property of either parent is subject to a child support claim in such amount as the court deems just (Civ. Code, § 4807).

Mr. Thompson also claims an order requiring the direct transfer of personal property in satisfaction of a support claim is not authorized by California law. Civil Code section 4700 is the source of the trial court's power to award support for children. Although it is not clear from the wording of the code section whether specific property may be awarded, Mr. Thompson points out interpretive cases have limited the power of the court to making provision in monetary payments (*McKannay* v. *McKannay*, 68 Cal.App. 701, 705 [230 P. 214]). However, more recent opinions have criticized these early cases. (See *Franklin Life Ins. Co.* v. *Kitchens*, 249 Cal.App.2d 623 [57 Cal.Rptr. 652].) In several cases, the award of a husband's community property interest in the family residence as a form of child support has been upheld (*In re Marriage of Herrmann*, 84 Cal.App.3d 361 [148 Cal.Rptr. 550]; *In re Marriage of Boseman*, 31 Cal.App.3d 372 [107 Cal.Rptr. 232]). The trial court has determined an order directing the actual transfer of the truck is the most appropriate

form of child support in this case. Such a determination is within the trial court's authority.

Finally, Mr. Thompson objects to the trial court's order on the ground the court has circumvented established code procedures for the execution of judgments by requiring the direct transfer of the truck as partial child support. In particular, Mr. Thompson claims he has been denied his right to claim an exemption under Code of Civil Procedure section 690 et seq. However, there is no requirement the court follow these procedures in enforcing support orders. To the contrary, Civil Code section 4380 prescribes several methods of enforcement.

There is no interference with exemption rights in this case. Exemptions from execution are privileges which a judgment debtor may waive expressly or by action (*Agnew* v. *Cronin,* 148 Cal.App.2d 117 [306 P.2d 527]). By attempting to assign his interest in the truck to his attorney, Mr. Thompson has waived any exemption privilege he may have had.

The order is affirmed.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied September 13, 1979, and appellant's petition for a hearing by the Supreme Court was denied October 25, 1979.