Filed 2/5/26  Marriage of Gilbert CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re the Marriage of MAURICE AND ISABEL GILBERT.<br><br>MAURICE GILBERT,<br><br>    Appellant,<br><br>v.<br><br>ISABEL BARRIOS GILBERT et al.,<br><br>    Respondents. | E084112<br><br>(Super.Ct.No. FAMSB2200803)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Carlos M. Cabrera, Judge.  Affirmed.

Maurice Gilbert, in pro. per., for Appellant.

No appearance for Respondent Isabel Barrios Gilbert.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Maureen C. Onyeagbako and Grant Lien, Deputy Attorneys General, for Respondent California Department of Child Support Services.

1

This opinion constitutes this court's fifth time addressing this child support matter. (*In re Marriage of Gilbert* (July 9, 2019, E070292) [nonpub. opn.]; *In re Marriage of Gilbert* (Nov. 19, 2019, E071428) [nonpub. opn.]; *In re Marriage of Gilbert* (Nov. 13, 2023, E077917) [nonpub. opn.]; *In re Marriage of Gilbert* (May 14, 2025, E082826) (modified June 12, 2025) [nonpub. opn.] (the fourth appeal).) In the current appeal, among other contentions, appellant Maurice Gilbert (Father) asserts the family court erred by issuing an order, while the fourth appeal was pending, that concerned the order under review in the fourth appeal. We affirm.

## FACTS

In the fourth appeal we reviewed an order issued by the family court on September 14, 2023 (the September order). In the September order, the family court corrected an error in a 2014 order to clarify that Father was the parent ordered to pay child support—not respondent Isabel Barrios-Gilbert (Mother). Father filed a notice of appeal for the fourth appeal on December 15, 2023. In the fourth appeal, Father asserted the family court erred by correcting the 2014 order. (*In re Marriage of Gilbert* (May 14, 2025, E082826) (modified June 12, 2025) [nonpub. opn.] at pp. 6-8.)

On December 18, 2023, the family court determined that Mother did not owe child support arrears, while Father owed child support arrears of $26,523.44 ($13,583.04 is principal and $12,940.40 is interest). The family court ordered Father to pay the arrears "at a rate of $500.00 every month to be paid on the 1st day of each month commencing 01/01/24."

## DISCUSSION

### A.  JURISDICTION DURING THE FOURTH APPEAL

Father contends the family court lacked jurisdiction to enter the December 18, 2023, order while the fourth appeal was pending.  Respondent California Department of Child Support Services (the Department) concedes that Father is correct.  We conclude the family court did not err.

"[T]he perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order."  (Code Civ. Proc., § 916.)  However, "[u]nless an undertaking is given, the perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for . . . [¶] [m]oney or the payment of money."  (Code Civ. Proc., § 917.1, subd. (a)(1).)  "Such an undertaking has been required in dissolution proceedings pending the appeal of support orders."  (*In re Marriage of Thompson* (1979) 96 Cal.App.3d 621, 625.)  The purpose of the rule staying proceedings is to " ' "preserv[e] the status quo until the appeal is decided." ' "  (*Royals v. Lu* (2022) 81 Cal.App.5th 328, 343.)

The family court's December 18, 2023, order did not alter the status quo.  Rather, it enforced the clarified 2014 child support order designating Father as the parent required to pay support.  It enforced the 2014 order by setting a payment schedule and an amount owed.  Moreover, the law recognizes the payment of arrears as enforcement of a judgment.  Family Code section 4503 provides, "If a parent has been ordered to make payments for the support of a minor child, an action to recover an arrearage in

3

those payments may be maintained at any time within the period otherwise specified for *the enforcement of such a judgment*, notwithstanding the fact that the child has attained the age of 18 years." (Italics added.) Father does not assert that he posted an undertaking for the fourth appeal. Without an undertaking, the family court retained jurisdiction to enforce the payment of arrears. In sum, the family court did not err.

The Department cites two cases to support its concession that the family court erred. The first case is *Elsea v. Saberi* (1992) 4 Cal.App.4th 625. In that case, the plaintiff filed a personal injury action, and the trial court entered a default judgment against the defendants. The trial court denied the defendants' motion to vacate the judgment, and the defendants appealed. While that appeal was pending, more motions were filed and ruled upon. (*Id.* at p. 628.) An order denying a motion to vacate is not an order for the payment of money. Therefore, the Department's reliance on *Elsea* is misplaced.

The second case is *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180. In that case, the Supreme Court considered "whether the perfecting of an appeal from the denial of a special motion to strike[, i.e., an anti-SLAPP motion] automatically stays all further trial court proceedings on the merits upon the causes of action affected by the motion." (*Id.* at p. 186.) The denial of an anti-SLAPP motion is not an order for the payment of money. Accordingly, the Department's reliance on *Varian* is also misplaced.

B.    DUE PROCESS

Father contends the family court violated his right of due process by entering the arrears order sua sponte and without notice.

On May 19, 2023, the Department filed a motion to correct the 2014 order. On August 14, 2023, Mother filed a request for a determination of arrears. On September 14, 2023, the family court ordered the 2014 order corrected to clarify that Father was the parent required to pay child support. In that same order, the family court continued "[t]he issue of determination of child support arrears . . . to 10/30/2023 at 10am in Dept. S51." On October 20, 2023, the Department filed a request for a determination of arrears and the setting of a payment schedule for Father. The Department also provided an accounting of the arrears owed by Father. The family court reset the hearing for December 18, 2023.

On December 14, 2023, Father filed a response, in which he asserted, "[Mother and the Department] are asking for a determination of Arrears, a determination for arrears is an 'Independent Action', see FC 4503."[1] Father's response reflects that he was aware of the request for a determination of arrears. Father was present at the hearing regarding determining arrears. The record does not support Father's assertion that the determination of arrears and setting of a payment schedule were done sua sponte and without his awareness that the issues would be addressed. Accordingly, the family court did not violate Father's right of due process.

---

[1] The entirety of Family Code section 4503 is quoted *ante* in the discussion regarding jurisdiction.

C.    2022 JUDGMENT

1.    *PROCEDURAL HISTORY*

On October 5, 2022, the family court entered a judgment against Mother for child support arrears of $26,613.47.  On September 14, 2023, when the family court corrected the 2014 order to clarify that it was Father who had been required to pay child support, the family court vacated the October 5, 2022, judgment.  The family court explained, "The court makes a finding that the 10/05/2022 Judgment was based on a void order (as the 07/07/2014 [order] is hereby corrected to reflect that [Father] rather than [Mother] is the obligor) and the court not being aware of the order made on 05/16/2017, adjudicating child support arrears [Father] was ordered to pay."

2.    *ANALYSIS*

Father asserts the October 5, 2022, judgment is a final judgment on arrears because it was never appealed.  "[T]he effect of a vacating order is to eliminate the judgment.  [Citation.]  Once vacated, the status of the parties that existed prior to the judgment is restored and the situation then prevailing is the same as though the order or judgment had never been made."  (*Bulmash v. Davis* (1979) 24 Cal.3d 691, 697.)  Because the October 5, 2022 judgment was vacated, it no longer exists.  Thus, Father's contention fails.

D.    TERMINATION OF JURISDICTION

1.    *PROCEDURAL HISTORY*

Mother and Father's child, who is now an adult, was born on August 31, 2004.  The child's 18th birthday was on August 31, 2022.  On May 25, 2023, the family court

6

issued an order that reads, in relevant part, "After argument, the court finds that child support terminated by operation of law and pursuant to Family Code 3901 on 08/31/22."

2.    *ANALYSIS*

Father contends the family court's "Jurisdiction Terminated on 5/25/23." As we explained in the fourth appeal, a judgment for child support "is enforceable until paid in full or otherwise satisfied." (Fam. Code, §§ 291, subd. (a).) Thus, a child reaching the age of 18 does not terminate a court's jurisdiction over the issue of child support arrears.

E.    <u>2014 STIPULATION</u>

Father contends, "The order under appeal altering/impairing the stipulation/contract is Void." We understand Father's contention as reasserting an issue addressed in the fourth appeal: That the 2014 order was made by stipulation so correcting it is a violation of the stipulation. (*In re Marriage of Gilbert* (May 14, 2025, E082826) (modified June 12, 2025) [nonpub. opn.] at p. 8.) Because we addressed that issue in the fourth appeal and Father does not indicate that anything has changed, we will not address the issue again.

F.    <u>CONSTITUTIONAL PROPERTY RIGHT</u>

Father contends he had a property interest in the 2014 child support order, and it violates the Constitution to deprive him of that property interest. We addressed this issue in the fourth appeal. (*In re Marriage of Gilbert* (May 14, 2025, E082826) (modified June 12, 2025) [nonpub. opn.] at pp. 8-9.) Father does not indicate that anything has changed on this issue since the fourth appeal. Therefore, we will not address the issue again.

G.     THE DEPARTMENT'S STANDING

Father contends the Department lacks standing to participate in this case. As we explained in the fourth appeal, the Department is involved in the case because Mother received public assistance during the time that Father failed to pay child support. (*In re Marriage of Gilbert* (May 14, 2025, E082826) (modified June 12, 2025) [nonpub. opn.] at pp. 10-11.) Because we addressed this issue in the fourth appeal and Father does not indicate that anything has changed, we will not address the issue again.

H.     INTEREST

Father proclaims the family court "cannot waive 'Accrued Interest' on the arrears." Father provides no analysis so it is unclear exactly what he is trying to assert. We note that the family court determined Father owed child support arrears of $26,523.44, of which $12,940.40 is interest.

I.     RACISM

Father contends that, through the years, this court has ruled against him due to the court being racist. Father's appeals have failed for the reasons set forth in the opinions filed in this case.

**DISPOSITION**

The order is affirmed.  Respondent California Department of Child Support

Services is awarded its costs on appeal, if any.[2]  (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.

---

[2] We do not award costs to respondent Isabel Gilbert-Barrios because she did not make an appearance in this court.